## 49544. NOBLE v. THE STATE.

QUILLIAN, Judge.

The appellant and his son were jointly indicted for aggravated assault. The appellant was tried separately and convicted of simple battery. An appeal was then taken to this court. *Held:*

1.   The appellant contends that the trial judge erred in failing to delete his son's name from the indictment which the jury took to the jury room. We find no error in the judge's action. Code § 27-2101, as amended (Ga. L. 1971, pp. 891, 892; 1972, pp. 618, 619).

2.   The appellant argues that it was error to allow a witness to testify as to statements made by the defendant's son, a co-conspirator, because the statements were made out of the appellant's presence and after the alleged enterprise had ended. The witness was called as a rebuttal witness to give impeachment testimony and therefore the admission of the evidence was not error.

3.   The appellant assigns as error the admission of certain statements made by the appellant to a law enforcement officer which were made when the appellant's counsel was not present. The appellant was advised of all of his rights and he stated that he wanted to make a statement even though his attorney had advised him to the contrary. Since the appellant had thus waived his rights to counsel, the admission of the

statements was not error.

4. The trial judge's judgment dated June 21, 1973 stated in part that the appellant ". . . be punished by confinement in said jail or place of confinement for twelve (12) months, to be computed from this date . . ." It appears that the appellant in the case sub judice had spent some time in jail awaiting trial. Code § 27-2530, as amended (Ga. L. 1970, p. 692; 1972, p. 742) provides: "Each criminal defendant convicted of a crime in this state shall be given full credit for each day spent in confinement awaiting trial and for each day spent in confinement, in connection with and resulting from an order entered in the criminal proceedings for which sentence was imposed, in any institution or facility for treatment or examination of a physical or mental disability; such credit or credits shall be applied towards the convicted defendant's sentence and shall also be considered by parole authorities in determining the eligibility for parole." The judgment entered was in conflict with the above quoted statement and direction is hereby given that the judgment be modified to comply with requirements of law.

5. The remaining enumerations of error are without merit.

*Judgment affirmed with direction. Bell, C. J., and Clark, J., concur.*

Submitted July 1, 1974 — Decided September 27, 1974.

*William T. Darby, Sr., Charles H. Andrews, Jr.,* for appellant.

*W. Glenn Thomas, Jr., District Attorney,* for appellee.

