## 31495. ENGLAND v. BUSSIERE.

HILL, Justice.

Mr. England, Warden of the Georgia Industrial Institute, has appealed the Habersham Superior Court's grant of the writ of habeas corpus which discharged inmate Bussiere from the custody of the Youthful Offender Division of the State Board of Corrections. The habeas court construed the Youthful Offender Act of 1972

as permitting a sentencing judge to limit to less than six years the period of confinement of a defendant sentenced under that Act to the custody of the Youthful Offender Division.

Georgia's Youthful Offender Act was enacted in 1972, Ga. L. 1972, p. 592. For reasons which will appear below, the 1975 revision of that Act, Ga. L. 1975, p. 900, is not applicable here.

When Bussiere was sentenced in 1973, Section 15 of the Act provided in pertinent part that "In the event of a conviction of a youthful offender the court may . . . sentence the youthful offender indefinitely to the custody of the division for treatment and supervision . . .; the period of such custody not to be in excess of one year in the case of a misdemeanor nor six years in the case of a felony." The state contends that a court sentencing a person under that Act can impose only a sentence for an indefinite period (which in the case of a felony would not exceed six years), and that the discretion to allow earlier release was not in the sentencing court but was with the Director of the Youthful Offender Division as approved by the Division.

Bussiere pled guilty to burglary in Lowndes Superior Court and was sentenced on December 18, 1973, under the 1972 Act to confinement by the Youthful Offender Division ". . . for an indefinite period of time, but not to exceed two years." Bussiere's conditional release by the Director on February 18, 1975, was revoked on September 17, 1975, for his leaving the state and failing to report to his supervisor. Bussiere petitioned for a writ of habeas corpus on March 4, 1976, and was ordered discharged by the habeas court which found that with jail time credit (Code Ann. § 27-2535) his two year sentence had expired.

The state argues that an indefinite sentence is mandatory under the statutory scheme to provide motivation for rehabilitation and to allow the offender's attitude during incarceration to be considered in determining his release date. The state urges that the sentencing court lacked power to limit the discretion of the Director of the Youthful Offender Division with regard to a release before expiration of six years. However, Section 12 (b) of the Act (Ga. L. 1972, pp. 592,

596) provided at the time of sentencing that a youthful offender shall be released unconditionally by the Director six years from conviction but ". . . that when the court elects to punish a youthful offender under the provisions of this Act rather than any other applicable penalty provided by law, the youthful offender shall be released unconditionally upon the expiration of the period of incarceration which would have been applicable if the youthful offender had been incarcerated in accordance with such other penalty provided by law." See also Section 11(b) as enacted (Ga. L. 1972, pp. 592, 595). Clearly the sentencing court had the power to sentence Bussiere to serve two years in prison for burglary.

Section 12 (b), supra, when construed with Section 15, supra, shows that the sentencing court was authorized to limit the youthful offender's indeterminate sentence to not more than two years and that the habeas court did not err in so holding. These provisions are clear and thus it would be inappropriate to consider the 1975 amendments, Ga. L. 1975, pp. 900, 903, 905, as indicative of legislative intent.

*Judgment affirmed. All the Justices concur.*

ARGUED SEPTEMBER 15, 1976 — DECIDED OCTOBER 26, 1976.

*Arthur K. Bolton, Attorney General, B. Dean Grindle, Jr., Assistant Attorney General,* for appellant.
*Thomas J. Killeen,* for appellee.