## 32545. DEFRANCIS v. THOMPSON.

NICHOLS, Chief Justice.

This is an appeal by the superintendent of the Georgia Training & Development Center from an adverse ruling on a habeas corpus petition. The appellee was sentenced under the Youthful Offender Act to an indefinite period, "but not to exceed Three (3) years." The appellant contends that under the Act the trial court does not have authority to limit the duration of a sentence to less than that provided in the Act and that the limitation of three years was surplusage. The trial court found that the sentencing court did not have authority to limit the duration of the sentence to less than six years, that the limitation cannot be construed as mere surplusage, and the sentence is therefore void.

The appellee has also filed an application for review of the habeas corpus court's order declaring the three-year sentence to be invalid contending the court erred in refusing to compute his sentence as one which bears a potential maximum period of three years.

Ga. L. 1972, pp. 592, 596; 1975, pp. 900, 903 (Code Ann. § 77-356 (b)), provides: "Notwithstanding subsection (a) a youthful offender shall be released unconditionally on the expiration of six years from the date of his conviction or on the expiration of the maximum term of imprisonment (as reduced by statutory and additional good time and by jail time and other credit to which he might be entitled) provided by law for the offense of which he was convicted, whichever occurs sooner." Code Ann. § 77-359 (b 2), provides: "Confinement. If the court concludes probation would not be in his best interests, the court may commit him to the custody of the division. Subject to the provisions of section 77-355 (b) and section 77-356 (b), relating to the time at which a youthful offender must be conditionally released and unconditionally discharged, respectively, when a youthful offender is so committed by the court, *the duration of the youthful offender's confinement shall be a matter within the discretion of the director and the division, subject to the approval of the Board of Pardons and Paroles where such approval is required.*" (Emphasis

supplied.) Code Ann. § 77-355 (b) provides for a maximum period of confinement of four years.

This court held in *England v. Bussiere,* 237 Ga. 814 (229 SE2d 655) (1976), in construing the original Act (Ga. L. 1972, p. 592) at p. 816: "Clearly the sentencing court had the power to sentence Bussiere to serve two years in prison for burglary.

"Section 12 (b), supra, when construed with Section 15, supra, shows that the sentencing court was authorized to limit the youthful offender's indeterminate sentence to not more than two years and that the habeas court did not err in so holding. These provisions are clear and thus it would be inappropriate to consider the 1975 amendments, Ga. L. 1975, pp. 900, 903, 905, as indicative of legislative intent." Bussiere was sentenced prior to the 1975 amendment.

The 1975 amendment completely revised subsection (b) of Code Ann. § 77-359 and placed the responsibility for determination of the length of confinement with the director of the Youthful Offender Division subject only to the limitations of the Act. The holding in *England v. Bussiere,* supra, is no longer applicable in light of the amendment to the Act.

It is also clear that when the sentencing court placed the defendant under the supervision of the Youthful Offender Division for an indefinite period of time, but not to exceed three years, it was an integral part of the sentence and void under the Act.

The habeas corpus court did not err in declaring the sentence void and in ordering the defendant returned to the trial court for resentencing.

The ruling on the main appeal renders moot the application for review by the defendant.

*Judgment affirmed. All the Justices concur.*

SUBMITTED JULY 15, 1977 — DECIDED SEPTEMBER 28, 1977.

*Arthur K. Bolton, Attorney General, B. Dean Grindle, Jr., Assistant Attorney General,* for appellant.

*Thomas J. Killeen,* for appellee.