### 58216. TURNER v. THE STATE.

Birdsong, Judge.

Willie Turner was tried and convicted of the offense of burglary. He was sentenced to eighteen years, fifteen to serve and three on probation. The evidence shows that at the presentencing proceedings, the trial court was aware that appellant Turner was pending trial on another unrelated burglary charge in another county. However, insofar as the record shows, there were no extant sentences being served by Turner at the time this first sentence was imposed by the trial court. It was not necessary, therefore, for the trial court to indicate whether the sentence was to be consecutive or concurrent, there being no other sentences with which to coordinate.

After conviction and sentence, the appellant moved for a new trial, which was granted by the trial court. Before the new trial was held, appellant was tried and convicted in Fulton County for the other offense of burglary and apparently sentenced to serve five years. Subsequently, appellant was tried and convicted a second time for the burglary forming the predicate for this appeal. The trial court reduced the period of the sentence from eighteen to fifteen years but directed that the fifteen year sentence be served consecutively to any other sentence presently being served. At the presentencing proceedings following the second trial, the state's attorney remarked that in its presentence report at the first trial, the court had been informed that certain charges were pending in Fulton County. Although this charge had resulted in a conviction and sentence of five years, this fact was not brought before the trial court, and the state's attorney stated that he had no evidence to offer as to the conviction in Fulton County and expressly requested the trial court to disregard any such offense or conviction. Appellant raised no objection to this reminder and concurred in the request that the trial court not consider the conviction. In the motion for new trial the trial court affirmed that it had not considered the conviction and that no such evidence was considered to be before the court. Appellant enumerates as error an alleged increase in the punishment adjudged in the second trial of the case as opposed to the sentence as first imposed, the asserted use by the state of a prior conviction which was not made known to the appellant prior to trial, and the failure of the trial court to give credit in the ultimate sentence imposed for time served as a result of the first sentence. *Held:*

1. We find no merit in any of the three enumerated errors and affirm. In the first enumeration, appellant contends that as a result of the sentence first imposed by the court, he (appellant) was required to serve only fifteen years. By requiring appellant to serve fifteen years consecutive to the five year sentence imposed in Fulton County, rather than concurrently, appellant argues that the trial court increased his sentence in violation of the requirements of North Carolina v. Pearce, 395 U. S. 711 (89 SC 2072, 23 LE2d 656). Though this argument is

ingenious, we find it to be without merit. The trial court initially imposed a sentence of eighteen years. The court did not have to state whether that sentence was to be served consecutively or concurrently inasmuch as there was no evidence that there were other sentences in existence in addition to the eighteen year sentence imposed by the trial court. Nor did the rule apply that, unless indicated otherwise, a sentence will run concurrently with other sentences, for at the first trial in this case there was no pre-existing sentence against which that statute would have application. Code § 27-2510. At the second trial, the court in fact reduced the sentence imposed at the first trial from eighteen years to fifteen years. The court was authorized to include as a part of the second sentence that that sentence would be served consecutively to any other sentence in existence which the appellant might be serving. In fact, the trial court was obligated to indicate that the sentence being imposed was to be a consecutive sentence if the court desired the sentence it was imposing to be non-concurrent with any other sentence being served. Section 27-2510 (b) does not constitute a limitation upon the discretion of the trial court, derived from the common law, to set sentences imposed as a result of conviction for a new crime that is separate and distinct from an earlier sentence for a different crime to commence at the termination of any sentence previously imposed. *Amerson v. Zant,* 243 Ga. 509, 510 (255 SE2d 34); *Smith v. Ault,* 230 Ga. 433 (3) (197 SE2d 348).

2. In his second enumeration, appellant complains that the trial court entertained oral evidence of a conviction of which he (appellant) had not been made aware prior to trial. Ga. L. 1974, pp. 352, 357 (Code Ann. § 27-2503). The transcript not only does not support appellant's complaint but affirmatively refutes the complaint. The duty of an appellate court is to correct errors alleged to have been made in the trial court and not to manufacture them here. *Finch v. State,* 138 Ga. App. 668, 672 (226 SE2d 779).

3. In the third enumeration, appellant argues that the trial court failed to credit him (appellant) with 86 days served in confinement between the imposition of the first

sentence and the second. A fair reading of the provisions of Code Ann. §§ 27-2530 and 27-2532 indicates that while a trial court should give consideration for time spent in confinement pending trial, the statutes do not require the trial court affirmatively to reflect that consideration in the language of the sentence imposed. Moreover, even if a trial court considers the time spent in pretrial confinement, and gives a defendant favorable treatment therefor, Code Ann. § 25-2532 affirmatively places the duty upon the Board of Offender Rehabilitation to award the defendant day for day credit for time served prior to trial. The sentence imposed by the trial court was within legal limits and expressed in legal terms. There is no merit to this enumeration.

*Judgment affirmed. Quillian, P. J., and Smith, J., concur.*

SUBMITTED JULY 10, 1979 — DECIDED OCTOBER 5, 1979.

*John P. Howell,* for appellant.
*Jim W. Morgan, District Attorney,* for appellee.