## 61207. SWAIN v. THE STATE.

BIRDSONG, Judge.

Richard Swain was convicted of two counts of burglary on June 18, 1979. He was sentenced to serve eight years on probation on each count, to run concurrently. On July 17, 1979, Swain committed an offense of forgery in the first degree. His probation officer moved on August 14, 1979 that the eight-year probationary sentence be vacated. On August 17, 1979, the trial court revoked four and one-half years of the eight year probated sentence and ordered the four and one-half years to be served in the penitentiary. On October 26, 1979, on his plea of guilty, Swain was convicted of first degree forgery and theft by taking and sentenced to serve one year each on each of those counts but to be served concurrently with the eight-year probated

sentences of which four and one-half had been vacated and which portion had been ordered to be served in confinement. Swain served approximately 70 days (i. e., about two months) in confinement and was released back on probation. Sometime during the period immediately preceding May 19, 1980, a farmer in Putnam County detected that certain personal property, including some gas in cans and the cans, tools, and other personalty was missing from a shed. Swain's brother was employed by the farmer. Investigation by the farmer disclosed that the appellant Swain had some of the stolen items in his personal auto. Further investigation by the victim produced a confession by Swain that he had taken some if not all the items. On June 27, 1980, a probation revocation hearing was held and at that hearing, the remaining three and one-half years of the eight-year probated sentence of June 18, 1979, was revoked. Swain brings this appeal enumerating as error that the evidence was insufficient to warrant the revocation of the remainder of the probated sentence and that in his sentence of revocation, the trial court did not sufficiently specify in its latest sentence how much of the sentences previously imposed had been or was being revoked. *Held:*

1. We find no merit in the first enumeration of error. The cases dealing with revocation of probation are uniform in holding that the quantum of evidence sufficient to justify revocation is less than that necessary to sustain a conviction in the first instance. *Harrington v. State,* 97 Ga. App. 315, 319 (103 SE2d 126). In this case Swain's only contention is that his brother was the thief and that he was helping his brother protect certain personal property without knowing that it was stolen. Yet Swain admitted to the victim that he took some or all of the property and agreed to make restitution and did in fact return some of the stolen property to the victim. Only slight evidence is required to authorize revocation (*Bishop v. State,* 138 Ga. App. 382 (226 SE2d 476)), and where there is even slight evidence of misconduct the appellate court will not interfere with revocation unless there has been a manifest abuse of discretion. *Fuqua v. State,* 142 Ga. App. 632, 634 (4) (236 SE2d 685).

2. In his second enumeration, appellant complains that he is unable to determine the actual length of the sentence imposed. We do not suffer from that same disability.

Records available to the trial court clearly indicate that in spite of Swain's prolific criminal activity and repeated sentences, Swain was under no more or less than a specific eight-year sentence. At the first probation hearing, the probation officer testified and the record supports that four and one-half years of that eight-year probationary sentence was revoked and Swain was required to serve the four and

one-half years in confinement. The original probationary sentence clearly specified that the court could order execution of the original eight-year sentence imposed or any portion thereof after deduction therefrom the amount of time served on probation. An affidavit by the custodian of Swain's person disclosed at the second probation revocation hearing that Swain had spent seven days in jail prior to the sentence being imposed on June 27, 1980 and had served 73 days total (in confinement) on the eight-year sentence. These days plus the sum total of days spent on probation from June 18, 1979 constitute the amount of time that should have been credited to the eight-year sentence to be served. We perceive no ambiguity in such a sentence. It is not the responsibility of the trial judge to compute these matters. It is his responsibility to impose a legally proper sentence, one which does not exceed the maximum authorized and is certain enough to allow the Board of Offender Rehabilitation and the Board of Pardons and Paroles to compute the sentence and all the credits and losses that the law authorizes or mandates. See Ga. L. 1977, pp. 1098, 1105 (Code Ann. § 27-2532); *Turner v. State,* 151 Ga. App. 631, 634 (260 SE2d 756).

*Judgment affirmed. Shulman, P. J., and Sognier, J., concur.*

DECIDED MARCH 11, 1981.

*Jesse Copelan, Jr.,* for appellant.
*Joe Briley, District Attorney, Sallie Rich Jocoy, Assistant District Attorney,* for appellee.