169 Ga. App. 499 (1984)
313 S.E.2d 760
BEEKS
v.
THE STATE.
67383.
Court of Appeals of Georgia.
Decided January 12, 1984.
Derek H. Jones, for appellant.
Lewis R. Slaton, District Attorney, Joseph J. Drolet, Margaret V. Lines, Assistant District Attorneys, for appellee.
BIRDSONG, Judge.
In November, 1980, Beeks was sentenced to two years probation under the First Offender Statute, and required to pay a fine and restitution for his crime. In February, 1982, appellant's probation was revoked for the offense of theft by receiving; he was sentenced to five years, two in incarceration and the balance probated. Appellant served only seven weeks of this sentence in incarceration. In July, 1983, appellant again appeared for probation violation and the trial court revoked the remainder of his sentence.
He contends on appeal that the trial court erred in February, 1982, in sentencing him to five years, with two years to serve and revoking the balance of probation when the original youth offender sentence provided for a two-year sentence; and that the trial court in July, 1983, erred in revoking his probation without giving credit for time served. Held:
1. This appeal is without merit. The February, 1982, sentence was not appealed within 30 days of its rendition (see OCGA § 5-6-38 (Code Ann. § 6-803)) and may not now be attacked. But in any case the February, 1982, sentence was not erroneous because, although the written sentence provided for a two-year probated sentence and stated that upon revocation "the court may order the execution of the sentence which was originally imposed or any portion thereof ...," at the same time the trial judge informed the appellant in court that "If you do not comply with [the terms of probation], you can be sent to the penitentiary for ten years, you understand that?" The Supreme Court held in Stephens v. State, 245 Ga. 835, 838 (268 SE2d 330) that "An accused is entitled to rely on the provisions set forth in the sentencing document if he is not informed to the contrary when the sentence is imposed." (Emphasis supplied.) This defendant was informed that he could be sentenced to as much as ten years upon *500 revocation; the five-year revocation sentence was not error. Griffin v. State, 163 Ga. App. 871 (3) (295 SE2d 863).
2. The trial court in July, 1983, did not as appellant contends, erroneously fail to give credit for time served, as the order merely requires appellant to serve the balance of his sentence. The sentence imposed by the trial court was legal; beyond that, it is the responsibility of the Board of Offender Rehabilitation and the Board of Pardons and Paroles to compute the sentence imposed and all the credits and losses that the law, according to any other sentence previously imposed, authorizes and mandates. Swain v. State, 157 Ga. App. 868, 870 (278 SE2d 743).
Judgment affirmed. McMurray, C. J., and Shulman, P. J., concur.