## 66816. CASARIO v. THE STATE.

POPE, Judge.

George Albert Casario brings this appeal from the trial court's denial of his motion to modify the sentence he received as the result of his plea of guilty to robbery by intimidation. Appellant requested that his sentence be modified "to reflect that he should be given credit for the year he served prior to any sentence being imposed." Indeed, "[e]ach person convicted of a crime in this state shall be given full credit for each day spent in confinement awaiting trial and . . . [t]he credit or credits shall be applied toward the convicted person's sentence. . . ." OCGA § 17-10-11 (a) (Code Ann. § 27-2530). However, the amount of credit is to be computed by the convict's pre-sentence custodian, and the duty to award the credit for time served prior to trial is upon the Department of Offender Rehabilitation. OCGA § 17-10-12 (Code Ann. § 27-2532). See *Turner v. State,* 151 Ga. App. 631 (3) (260 SE2d 756) (1979).

The sentence entered in the case at bar directs that appellant's period of confinement "be computed as provided by law." In light of the foregoing statutory authority, this directive is neither illegal nor ambiguous. Compare *Noble v. State,* 132 Ga. App. 755 (4) (209 SE2d 30) (1974). It follows that the trial court did not err in refusing to modify its sentence as requested, the responsibility for computing credit for time served awaiting trial not being upon the trial court. See *Swain v. State,* 157 Ga. App. 868 (2) (278 SE2d 743) (1981). Nor did the trial court err in refusing to hear evidence relating to the amount of time with which appellant should be credited. Such a matter is properly addressed to appellant's pre-sentence custodian and/or the Department of Offender Rehabilitation. See OCGA § 17-10-12 (Code Ann. § 27-2532).

*Judgment affirmed. Quillian, P. J., and Sognier, J., concur.*

DECIDED JANUARY 16, 1984.

*Teddy R. Price,* for appellant.
*Bryant Huff, District Attorney, Stephen E. Franzen, Assistant District Attorney,* for appellee.