## 44349. GREEN v. DUNN.
(355 SE2d 61)

MARSHALL, Chief Justice.

This court initially reversed Lonnie Carlton Dunn's malice-murder conviction on the ground that the transcript, as *originally* furnished to this court, indicated that the trial court had sustained the state's objection to defense counsel's voir-dire question to a prospective juror as to his connections with fraternal organizations (per OCGA § 15-12-133) *before* an answer was given. Pursuant to the state's motion for rehearing, we vacated our opinion to enable the filing of a supplemented transcript of the voir dire, which, we found, showed that the deprivation of the right to ask the question was harmless error, because the question was answered in the negative. Thereupon, we affirmed the judgment of conviction. *Dunn v. State,* 251 Ga. 731 (1) (309 SE2d 370) (1983).

Dunn then brought this habeas corpus action on the ground of ineffective assistance of counsel during the supplemental-record hearing, in failing to procure the attendance of his expert witness, Dr. Hollien, to testify as to the discrepancy between the steno-mask track

of the dualtrack recording of the voir dire (which was the official record of the court and which indicated a negative response to counsel's question) and the live track (which was a back-up to the official record and which indicated no response).

The habeas court found from the totality of the evidence presented — including the testimony of the expert witness, the prospective juror, and the court reporter (who testified that he had no independent recollection of the juror's response or lack thereof) — that the witness had not responded; that the failure to call the expert witness to testify as to his findings and to submit himself to cross-examination, after his written findings were excluded from evidence as hearsay upon the state's objection, constituted ineffective assistance of counsel; and that the petitioner is entitled to a retrial.

The warden appeals the grant of habeas corpus relief. *Held*:

Under the revised version of OCGA § 9-14-42 (a), the question of whether there has been a substantial denial of a right under the laws of this state is not cognizable in a habeas action. *Parker v. Abernathy*, 253 Ga. 673 (324 SE2d 191) (1985).

Nor is this noncognizable, statutory claim converted into a cognizable, constitutional claim merely by the allegation of ineffective assistance of counsel. Furthermore, the issue of whether or not there was a response to the question was decided in the trial court — based on the official record (the steno-mask track); evidence of the prospective juror's nonverbal response; and the testimony of the court reporter, of 21 years' experience, that the negative response had been omitted inadvertently from the original transcript. This court having reviewed this issue and affirmed the judgment, neither this issue nor this court's legal conclusion that there was no harmful error could be reviewed on habeas corpus, where neither facts nor law has changed. *Brown v. Ricketts*, 233 Ga. 809 (1) (213 SE2d 672) (1975); *Gunter v. Hickman*, 256 Ga. 315 (1) (348 SE2d 644) (1986).

The grant of the writ of habeas corpus is reversed.

*Judgment reversed. All the Justices concur.*

DECIDED APRIL 29, 1987.

*Michael J. Bowers, Attorney General, Dennis R. Dunn, Assistant Attorney General,* for appellant.

*Phil L. Ruppert,* for appellee.