S90A0624. HARPER v. STATE BOARD OF PARDONS & PAROLES et al.
(390 SE2d 592)

PER CURIAM.

Petitioner filed this action for mandamus against the State Board of Pardons and Paroles (Board), and its Chairman, seeking an order requiring them to recompute his sentences resulting from his convictions as an habitual violator. The petitioner maintained that the respondents had erred in calculating the time he was required to serve, and that he was entitled to be released from custody. At the time of the hearing of this case the petitioner had been released from cus-

tody. The trial court dismissed the petition for mandamus and this appeal followed.

The trial court correctly dismissed the petition for mandamus. The duty to award credit for time served lies with the Department of Corrections, not the Board of Pardons & Paroles. *Casario v. State*, 169 Ga. 515 (313 SE2d 772) (1984); OCGA § 17-10-12. Therefore neither the Board nor its Chairman is a party against which mandamus will lie in this case.

Further mandamus lies against an official to require the performance of a clear legal duty. The writ of mandamus does not reach the office, but is a personal action against the official. *Crow v. McCallum*, 215 Ga. 692 (113 SE2d 203) (1960); OCGA § 9-6-20.

*Judgment affirmed. All the Justices concur.*

DECIDED APRIL 25, 1990.

Jimmie Louis Harper, *pro se.*
Michael J. Bowers, *Attorney General*, Neal B. Childers, *Assistant Attorney General*, for appellees.