## A93A2272. ADDO v. THE STATE.
### (441 SE2d 486)

JOHNSON, Judge.

A jury found Peter Addo guilty of criminal trespass, a misdemeanor. The trial court imposed a twelve-month sentence, providing in its order that Addo would not receive credit for the ten months he served in jail while awaiting trial.

1. Addo contends that the trial court erred in attempting to deny him credit for time served. "Indeed, each person convicted of a crime in this state shall be given full credit for each day spent in confinement awaiting trial and the credit or credits shall be applied toward the convicted person's sentence. OCGA § 17-10-11 (a) (Code Ann. § 27-2530)." (Punctuation omitted.) *Casario v. State*, 169 Ga. App. 515 (313 SE2d 772) (1984). See also *Harper v. State Bd. of Pardons & Paroles*, 260 Ga. 132, 133 (390 SE2d 592) (1990). We note that the amount of credit given for time served is to be computed by the convict's pre-sentence custodian and then awarded by his post-sentence custodian. *Beeks v. State*, 169 Ga. App. 499, 500 (2) (313 SE2d 760) (1984); *Casario v. State*, supra. In light of the fact that the trial court is not involved in this process, the trial court's attempt to deny credit for time served might be considered ineffectual. However, the custodian in this case Fulton County, may not be placed by a trial court in the difficult position of having to decide between enforcing the statute and enforcing the judge's order. Because the judgment entered was in conflict with the statute, direction is hereby given that the judgment be modified to comply with requirements of law. See *Noble v. State*, 132 Ga. App. 755, 756 (4) (209 SE2d 30) (1974).

2. Addo also contends that the trial court made what he believed were improper remarks during the sentencing phase. First, we note that the sentence imposed was authorized by statute. OCGA § 17-10-3 (a) (1). Thus, if any such remarks were made, they were of no consequence. Secondly, the burden is on the party claiming error to show it by the record. *Polley v. State*, 203 Ga. App. 825, 827 (4) (418 SE2d 107) (1992). We find nothing in the record to support Addo's contention that the judge made improper remarks.

*Judgment affirmed. Case remanded with direction. McMurray, P. J., concurs. Blackburn, J., concurs in judgment only.*

DECIDED FEBRUARY 23, 1994.

Peter Addo, *pro se.*
Lewis R. Slaton, *District Attorney, Carl P. Greenberg, Leonora*

*Grant, Assistant District Attorneys*, for appellee.