## S97A0125. LILLARD v. HEAD.
### (476 SE2d 736)

THOMPSON, Justice.

The question in this case is whether the Great Writ is available where a prisoner is unlawfully confined beyond the term of his sentence. We hold that it is.

Charles Lillard petitioned for a writ of habeas corpus asserting that he is being detained by the State even though he has fully served his sentence. The State argued at the habeas hearing that Lillard's claim was not cognizable in a habeas corpus proceeding. The habeas court agreed and dismissed Lillard's petition.[1] Lillard seeks a certificate of probable cause.

In *Manville v. Hampton,* 266 Ga. 857 (471 SE2d 872) (1996), we held that habeas corpus relief is available where a prisoner is confined under a sentence that is longer than that permitted by state statute. In so holding, we observed that such confinement constitutes a denial of liberty without due process of law.

We see no fundamental difference between confinement under a sentence that is longer than that permitted by. state law and confinement beyond the term of a lawful sentence. In each instance, the confinement constitutes a denial of liberty without due process of law.

Unlike *Forbes v. Ricketts,* 234 Ga. 316 (216 SE2d 82) (1975), this

---

[1] The habeas court believed that Lillard should be released, but that he chose the wrong remedy. In the words of the habeas court: "I do think that you should be released, but I can't give you much help."

case does not involve the computation of a "good time" allowance. Lillard simply alleges that his sentence is "over, finish[ed], complete[d]." Under these circumstances, the habeas court is bound to inquire into the legality of Lillard's detention.

The habeas court erred in dismissing the petition and failing to inquire into the merits of Lillard's claim.

*Judgment reversed and remanded for proceedings not inconsistent with this opinion. All the Justices concur, except Carley and Hines, JJ., who dissent.*

CARLEY, Justice, dissenting.

On December 1, 1995, Charles Lillard entered guilty pleas to five separate charges and the trial court sentenced him to 12-month concurrent sentences with "credit for time served." Less than four months later, in March 1996, Lillard filed a petition seeking habeas corpus relief on the ground that his sentences had expired. After conducting a hearing, the habeas court entered an order expressing its agreement with Lillard's contention that "his sentence[s] contemplated credit for jail time prior to sentencing," but nevertheless concluding that "this issue is not cognizable in habeas corpus. [Cit.]" According to the habeas court, "[a]fter first verifying that any jail time due has been reported to the Department of Corrections [(Department), Lillard's] remedy to obtain that credit is a petition for writ of mandamus against the Commissioner." Now, upon summarily granting Lillard's certificate of probable cause, a majority of this Court reverses the habeas court and remands for consideration of the merits of what it finds to be a cognizable habeas claim. In my opinion, the habeas court's order finding Lillard's claim not to be cognizable in a habeas proceeding was absolutely correct and, accordingly, I must dissent to the majority's judgment of reversal.

The majority apparently proceeds under the misimpression that a mere allegation by Lillard that his physical restraint is *illegal* is sufficient to state a claim for habeas relief. However, this case does not involve pre-trial habeas corpus. Instead, Lillard is being held pursuant to a sentence imposed by a state court of record. Accordingly, OCGA § 9-14-40 et seq. "provides the exclusive procedure" by which Lillard can seek and obtain habeas corpus relief. OCGA § 9-14-41. It is clear that, in order for him to obtain habeas corpus relief under this "exclusive procedure," Lillard cannot merely allege and prove that his physical restraint is illegal. He must allege and prove "a substantial denial of his rights under the Constitution of the United States or of this state. . . ." OCGA § 9-14-42 (a). However, he has neither alleged nor proved that his physical restraint is the result of a denial of his federal or state constitutional rights. He certainly does not allege that he is being confined "under a sentence

longer than that permitted by state statute. . . ." *Manville v. Hampton*, 266 Ga. 857, 858 (1) (471 SE2d 872) (1996). State statute authorizes the 12-month concurrent sentences which the trial court imposed and Lillard's sole contention is that the Department has not given him proper credit for time served awaiting trial pursuant to OCGA § 17-10-11. The majority finds "no fundamental difference between confinement under a sentence that is longer than that permitted by state law and confinement beyond the term of a lawful sentence." I submit that the "fundamental difference" between those two precepts in this case is that, while Lilliard's confinement under a sentence longer than that permitted by state law would be a violation of his constitutional right of due process under *Manville*, there is no federal constitutional guarantee that Lillard be afforded a statutory credit against his lawful 12-month concurrent sentences. See *Wolff v. McDonnell*, 418 U. S. 539, 557 (III) (94 SC 2963, 41 LE2d 935) (1974) (holding that a state "may have the authority to create, or not, a right to a shortened prison sentence through the accumulation of credits," but that, where a state has created such a right, a prisoner is entitled "to those minimum *procedures* appropriate under the circumstances and required by the Due Process Clause to insure that the *state-created right* is not arbitrarily abrogated." (Emphasis supplied.)). Likewise, there is no state constitutional guarantee that Lillard be given a credit for time served awaiting trial. Accordingly, even assuming without deciding that the Department may have failed to properly credit Lillard for time served, this would show only a violation of his state statutory right under OCGA §§ 17-10-11; 17-10-12. Alleging and proving a violation of a state statutory right does not entitle a petitioner to habeas corpus relief under the "exclusive procedure" of OCGA § 9-14-41. Under that "exclusive procedure," "the question of whether there has been a substantial denial of a right under the laws of this state is not cognizable in a habeas action. [Cit.]" *Green v. Dunn*, 257 Ga. 66, 67 (355 SE2d 61) (1987). Compare *England v. Bussiere*, 237 Ga. 814 (229 SE2d 655) (1976) (decided before state habeas relief was limited to instances of denial of constitutional rights).

It follows that the question of whether the requirements of OCGA § 17-10-11 "were violated is not cognizable in a habeas action. . . ." *Parker v. Abernathy*, 253 Ga. 673, 674 (324 SE2d 191) (1985). See also *Black v. Hardin*, 255 Ga. 239 (1) (336 SE2d 754) (1985). State habeas will lie only where the petitioner shows that his physical restraint pursuant to a sentence of a state court of record is illegal on constitutional grounds and Lillard has shown no such constitutional grounds in this case. Compare *Hardison v. Martin*, 254 Ga. 719 (334 SE2d 161) (1985) (habeas corpus granted for constitutional violations). Moreover, OCGA § 9-14-48 (d) does not support the

majority's disposition of this case. That statute merely provides for instances in which an otherwise procedurally defaulted *constitutional* claim nevertheless will authorize state habeas relief. *Valenzuela v. Newsome,* 253 Ga. 793, 795-796 (3, 4) (325 SE2d 370) (1985). It certainly does not authorize the grant of state habeas relief where, as here, the allegations rest solely upon a *statutory* claim.

Moreover, the allegation of a violation of constitutional rights, without more, does not state a claim for habeas relief under OCGA § 9-14-42. Subsection (a) of that provision clearly requires that a petitioner for habeas relief assert that the denial of his constitutional rights occurred "in the proceedings which resulted in his conviction. . . ." Lillard makes no such assertion. Lillard's contention goes only to the subsequent calculation of a credit to be applied against valid sentences entered by the trial court. The subsequent calculation of that credit did not occur "in the proceedings" which resulted in Lillard's convictions. Under OCGA § 17-10-11, the credit for time served awaiting trial applies only to that time a person convicted of a crime served awaiting trial for the offense or offenses for which the sentence was imposed. *Tucker v. Stynchcombe,* 239 Ga. 356 (236 SE2d 623) (1977). Accordingly, Lillard would be entitled to a credit only for the pre-trial time that he served in connection with those five offenses to which he pled guilty on December 1, 1995. The trial court that imposed the five sentences for those offenses was not responsible for computing the credit for time served awaiting trial. *Casario v. State,* 169 Ga. App. 515 (313 SE2d 772) (1984). The only responsibility of the trial court was to impose lawful sentences upon Lillard and there is no dispute that the trial court did impose valid concurrent 12-month sentences upon him. Compare *Manville v. Hampton,* supra (dispute over validity of 23-year sentence can be determined in habeas proceeding); *England v. Bussiere,* supra (dispute over validity of two-year sentence imposed by trial court determined in habeas proceeding). OCGA § 17-10-12 (b) imposes upon the Department the administrative responsibility for giving "credit for the number of days spent in confinement prior to conviction and sentence." Accordingly, it is immaterial that, in imposing the sentence, the trial court may have opined that Lillard had already served six months incarceration in connection with the crimes for which the sentences were imposed. It is the Department, not the trial court, that determines the credit to which Lillard is entitled. According to the evidence in this case, the official records of the Department show that Lillard's five twelve-month concurrent sentences have been "computed from November 28th, 1995, and [he] has a release date of November 27th, 1996. . . ." Thus, it appears that the Department has given Lillard credit for two days' pre-trial incarceration in connection with the five offenses to which he pled guilty on December 1,

1995 and that his release date has yet to arrive. If the official records of the Department are in error and Lillard in fact served more than two days' incarceration in connection with the five offenses to which he pled guilty on December 1, 1995 and his release date has already passed, then, as the habeas court correctly held, Lillard's remedy is to seek administrative relief from the Department and, if he is unsuccessful, he may seek mandamus or injunctive relief against the Commissioner of the Department. See *Forbes v. Ricketts*, 234 Ga. 316, 317 (1) (216 SE2d 82) (1975). There is no contention that this procedure would not satisfy due process and afford Lillard a constitutional method for determining the credit to which he is statutorily entitled under OCGA § 17-10-11. Compare *Wolff v. McDonnell*, supra at 557 (III). Lillard should not be permitted to obviate that established procedure by obtaining a determination of his credit in a habeas proceeding against the Warden, rather than in administrative and legal proceedings against the Department. Where, as here, the detention is alleged to be unlawful solely because of a purported administrative error occurring subsequent to the proceedings which resulted in the petitioner's conviction, habeas relief is unavailable. *Forbes v. Ricketts*, supra. Since Lillard does not contend that the Warden holds him pursuant to an invalid sentence entered in the proceedings which resulted in his convictions, but contends only that the Warden is illegally detaining him because of the Department's subsequent miscalculated credit for time served, his remedy is to seek administrative and legal relief against the Department. *Forbes v. Ricketts*, supra.

It is clear that Lillard does *not* seek habeas relief for an alleged unconstitutional incarceration beyond the term of his sentences. The term of Lillard's sentences is 12 months and it is undisputed that 12 months have not passed since the imposition of those sentences. Compare *Manville v. Hampton,* supra (dispute as to whether state law mandates a sentence of twenty-three or ten years is a cognizable habeas issue). The only issue is whether the Department properly calculated the credit to which Lillard is entitled as a matter of statutory, rather than constitutional, law. Unlike the majority, I find no significant difference between the allegation that the "good time" allowance was computed erroneously in *Forbes v. Ricketts*, supra, and Lillard's allegation that credit for his pre-trial incarceration was computed erroneously here. If the prisoner in *Forbes v. Ricketts* was not entitled to habeas relief, then Lillard is not entitled to habeas relief in this case. By reversing the habeas court, the majority simply ignores the limitation on the "exclusive remedy" that is available to Lillard and thereby erroneously allows him to use a habeas corpus petition as the procedural vehicle to obtain his release prior to the date officially determined by the Department. This Court should adhere to the limitation established by OCGA § 9-14-41, hold that

Lillard's statutory non-constitutional claim is cognizable only in a mandamus or injunction action against the Commissioner of the Department, and deny a certificate of probable cause. Accordingly, I respectfully dissent.

I am authorized to state that Justice Hines joins in this dissent.

DECIDED OCTOBER 15, 1996 —
RECONSIDERATION DENIED NOVEMBER 8, 1996.

Charles Lillard, *pro se.*

*Michael J. Bowers, Attorney General, Neal B. Childers, Senior Assistant Attorney General, Beth Attaway, Assistant Attorney General,* for appellee.