## A02A0429. BEASLEY v. THE STATE.
(566 SE2d 333)

ELDRIDGE, Judge.

Kelvin M. Beasley was convicted and sentenced in 1997 for the sale of cocaine. Shortly thereafter, he was paroled. In 1998, Beasley was arrested for possession of cocaine with intent to distribute. The State Board of Pardons & Paroles ("Board") revoked his parole on the 1997 sale conviction. Nine months later, in August 1999, Beasley pled guilty on the possession with intent charge and was given the negotiated sentence of ten years to serve concurrent with the sentence on the sale conviction. The court ordered credit for time served.

Approximately a year later, Beasley determined that the Board was miscalculating his time by not giving him credit for the 11 months he spent in prison between the time of his 1998 arrest and 1999 plea. He wrote the sentencing court and complained about the situation. The court wrote Beasley and explained that calculations of time served are made by the Board and that the Board's calculations appeared correct; Beasley would not receive credit for the time served between arrest and plea because he was serving the time for his parole revocation on the 1997 charges, not on the current charges.

Beasley then filed a motion to modify his sentence, again complaining about the failure to credit him with the 11 months between the 1998 arrest and 1999 plea. The trial court denied the motion and again explained that, under the law, the 11 months Beasley spent between arrest and plea were as a result of other charges, i.e., "[t]he provisions in OCGA §§ 17-10-9 [and] 17-10-11 for crediting prison sentences with time spent in confinement applies only to persons who would not be confined but for the charges which give rise to the sentence for which credit is sought."[1] Beasley appeals from the trial court's denial of his motion to modify sentence. *Held*:

Beasley filed this appeal pro se, and, accordingly, we will construe it liberally. However, even with the most generous construction, a direct appeal to this Court will not lie from the instant "motion to modify sentence."[2] Beasley does not contest the validity of the entry of his guilty plea, and it is well beyond time to appeal any such claim.[3] The trial court imposed the negotiated sentence, and Beasley does not claim otherwise, since credit for time served was not a part of the negotiated sentence. Beasley does not contest the validity of the ten-year sentence imposed by the trial court, as such sen-

---

[1] (Citations and punctuation omitted.) *Wilson v. State*, 273 Ga. 97 (538 SE2d 429) (2000).

[2] See OCGA § 5-6-34 (a) (1)-(8).

[3] See *Morrow v. State*, 266 Ga. 3 (463 SE2d 472) (1995) (appeal will lie from a judgment entered on a guilty plea only if such appeal is timely filed and can be resolved on the face of the record).

tence is well within the statutory maximum for a second drug offense.[4] And, most importantly, Beasley does not contend that he is being held illegally since, even removing the disputed eleven months, he still has approximately seven more years to serve on the term of his sentence.[5] Beasley's sole complaint goes to the Board's calculation of credit on a legitimately entered sentence that is currently being legitimately served. Accordingly, Beasley's claim is cognizable only in a mandamus or injunction action against the Commissioner of the Department of Corrections or in a petition for habeas corpus, depending on what point in time in the service of Beasley's sentence any additional action may be filed.[6]

*Appeal dismissed. Smith, P. J., and Ellington, J., concur.*

DECIDED MAY 23, 2002.

Kelvin M. Beasley, *pro se.*

*Steven Askew, District Attorney, Harry J. Altman II, Assistant District Attorney*, for appellee.

---

[4] See OCGA § 16-13-30 (d).

[5] Compare *Lillard v. Head*, 267 Ga. 291 (476 SE2d 736) (1996) (miscalculation of time rendered defendant confined *beyond* the term of his sentence).

[6] Id. at 291, 295 (Carley, J., dissenting).