A03A0172. MALDONADO v. THE STATE.
(580 SE2d 330)

MIKELL, Judge.

Israel Maldonado pleaded guilty to possession of cocaine with intent to distribute and possession of marijuana with intent to distribute. Pursuant to the negotiated guilty plea, he was sentenced on December 13, 2001, to five years, four in confinement and one suspended. On June 28, 2002, Maldonado filed a pro se motion to modify his sentence, asserting that he had been incarcerated since October 10, 2000, and that a summary report he received from the Georgia Department of Corrections indicated that the trial court failed to give him credit for time served. The trial court denied the motion, ruling that Maldonado's release date was within the discretion of the State Board of Pardons and Paroles. Maldonado, proceeding pro se, appeals the denial of his motion. He is correct that "each person convicted of a crime in this state shall be given full credit for each day spent in confinement awaiting trial and the credit or credits shall be applied toward the convicted person's sentence. OCGA § 17-10-11 (a)."[1] However, even if *Addo* had precedential value, the amount of credit given for time served is computed by the pre-sentence custodian, and it is awarded by the post-sentence custodian.[2] Therefore, the trial court is not involved in this process.[3] Finally, OCGA § 17-10-11 (a) "applies only to persons who would not be confined but for the charges which

---

[6] Supra.
[1] (Citations and punctuation omitted.) *Addo v. State*, 212 Ga. App. 163 (1) (441 SE2d 486) (1994) (physical precedent only).
[2] Id.
[3] *Diaz v. State*, 245 Ga. App. 380, 381 (2) (537 SE2d 784) (2000).

give rise to the sentence for which credit is sought."[4] Here, even removing the disputed 14 months, Maldonado would not be currently eligible for release. Thus, his

> sole complaint goes to the Board's calculation of credit on a legitimately entered sentence that is currently being legitimately served. Accordingly, [Maldonado's] claim is cognizable only in a mandamus or injunction action against the Commissioner of the Department of Corrections or in a petition for habeas corpus, depending on what point in time in the service of [Maldonado's] sentence any additional action may be filed.[5]

It follows that the trial court did not err in denying Maldonado's motion to modify his sentence.

*Judgment affirmed. Johnson, P. J., and Eldridge, J., concur.*

DECIDED MARCH 26, 2003.

Israel Maldonado, *pro se.*

Paul L. Howard, Jr., District Attorney, Amira A. Arshad, Assistant District Attorney, for appellee.

---

[4] (Punctuation and footnote omitted.) *Beasley v. State*, 255 Ga. App. 522 (566 SE2d 333) (2002).

[5] Id. at 523.