# Court of Appeals
# of the State of Georgia

ATLANTA,  January 18, 2017

*The Court of Appeals hereby passes the following order:*

## A17D0223.  JAMES LAMAR RICE v. THE STATE.

James Lamar Rice, acting pro se, filed this discretionary application seeking review of the trial court's orders denying his: (i) motion to vacate and set aside a void judgment; and (ii) motion to modify sentence.  In violation of this Court's Rule 31 (e), Rice has failed to include a copy of the motion to modify sentence.  Based on his motion to vacate and set aside a void judgment and the arguments raised in the instant application, Rice appears to be contesting the sufficiency of the underlying indictment.[1]

In essence, Rice seeks to challenge his convictions.  See *Jones v. State*, 290 Ga. App. 490, 494 (2) (659 SE2d 875) (2008) (challenge to validity of indictment is challenge to conviction, not sentence).  But "a petition to vacate or modify a judgment of conviction is not an appropriate remedy in a criminal case."  *Harper v. State*, 286 Ga. 216, 218 (1) (686 SE2d 786) (2009); see also *Wright v. State*, 277 Ga. 810, 811 (596 SE2d 587) (2004). Any appeal from an order denying or dismissing such a motion must be dismissed.  See *Roberts v. State*, 286 Ga. 532 (690 SE2d 150) (2010); *Harper*, supra at 218 (2).

An appeal may lie from an order denying or dismissing a motion to correct a void sentence if the defendant raises a colorable claim that the sentence is, in fact, void

---

[1] Rice has included with this application neither the underlying indictment, nor his judgment of conviction.  Consequently, we cannot conclude from the materials provided whether his motion to modify sentence was filed within a year of the imposition of his sentence.  See OCGA § 17-10-1 (f).  The denial of a timely motion to modify sentence under OCGA § 17-10-1 (f) is directly appealable.  See, e. g., *Maldonado v. State*, 260 Ga. App. 580 (580 SE2d 330) (2003).

or illegal. See *Harper*, supra at 217 (1), n. 1. "Motions to vacate a void sentence generally are limited to claims that – even assuming the existence and validity of the conviction for which the sentence was imposed – the law does not authorize that sentence, most typically because it exceeds the most severe punishment for which the applicable penal statute provides." *von Thomas v. State*, 293 Ga. 569, 572 (2) (748 SE2d 446) (2013). When a sentence is within the statutory range of punishment, it is not void. *Jones v. State*, 278 Ga. 669, 670 (604 SE2d 483) (2004). Rice does not contend that any sentence falls outside of the applicable statutory range; he alleges that his indictment was insufficient. Thus, he challenges the validity of his convictions, not his sentence.

Because Rice may not attack his convictions in this manner and because he did not assert a colorable void-sentence claim, this application is hereby DISMISSED.



Court of Appeals of the State of Georgia
Clerk's Office, Atlanta,   01/18/2017
I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.
Witness my signature and the seal of said court hereto affixed the day and year last above written.

_____ , Clerk.