# Court of Appeals
# of the State of Georgia

ATLANTA,  August 30, 2017

*The Court of Appeals hereby passes the following order:*

**A17A1985.  STEPHON DARELL WILSON v. THE STATE.**

In 2010, Stephon Darell Wilson pled guilty to numerous crimes, including drug offenses and traffic offenses.  In March 2017, Wilson filed a "Motion for Order Nunc Pro Tunc," in which he requested that the trial court issue a nunc pro tunc order reflecting the trial court's intention for credit for time served.  The trial court denied the motion and Wilson filed this direct appeal.  We, however, lack jurisdiction.

In essence, Wilson's motion is one to modify his sentence.  See *Rubiani v. State*, 279 Ga. 299, 299 n.1 (612 SE2d 798) (2005) (the substance of a motion, rather than its nomenclature, controls).  A trial court has limited authority to modify a sentence after it is imposed.  Pursuant to OCGA § 17-10-1 (f), a sentencing court may modify a sentence within 1 year of its imposition or within 120 days after remittitur following a direct appeal, whichever is later.  *Frazier v. State*, 302 Ga. App. 346, 347-348 (691 SE2d 247) (2010).  Once this statutory period expires, as it has here, a sentencing court may modify a sentence only if it is void – that is, if it exceeds the statutory maximum.  *Jones v. State*, 278 Ga. 669, 670 (604 SE2d 483) (2004).  A direct appeal may lie from an order denying or dismissing a motion to vacate a void sentence, but only if the defendant raises a colorable claim that the sentence is, in fact, void.  *Harper v. State*, 286 Ga. 216, 217 n.1 (686 SE2d 786) (2009).

Here, Wilson's motion is based on his assertion that his sentence should reflect credit for time served.  Because Wilson does not contend that his sentence exceeded the statutory maximum for his convictions, he has not raised a colorable void

sentence argument.[1]  Because Wilson has not raised a colorable argument that his sentence is void, the trial court's denial of his motion is not subject to direct appeal. Accordingly, this appeal is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,   08/30/2017*
*I certify that the above is a true extract from*
*the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court*
*hereto affixed the day and year last above written.*

*Stephen E. Castlen*
, *Clerk.*

---

[1] Where a defendant is aggrieved by the calculation of credit for time served on his legitimate sentence, he must seek relief from the Department of Corrections. See *Cutter v. State*, 275 Ga. App. 888, 890 (2) (622 SE2d 96) (2005).  Dissatisfaction with that relief may be asserted in a mandamus or injunction action against the Commissioner of the Department of Corrections, or in a petition for habeas corpus. See id.; *Maldonado v. State*,  260 Ga. App. 580, 580-581 (580 SE2d 330) (2003).