# Court of Appeals
# of the State of Georgia

ATLANTA,  September 13, 2018

*The Court of Appeals hereby passes the following order:*

**A18A2102.  ANTHONY JACKSON v. THE STATE.**

Anthony Jackson was convicted of multiple offenses, including two counts of aggravated assault.  We affirmed his convictions and sentence on appeal.  *Jackson v. State*, 316 Ga. App. 588 (730 SE2d 69) (2012).  Since then, Jackson has filed numerous pro se motions, including a motion to amend sentence computation and a motion for out-of-time appeal of a void sentence.  The trial court denied both of those motions, and Jackson filed this appeal.[1]  We, however, lack jurisdiction.

First, as to Jackson's motion to amend the computation of his sentence, Jackson must seek relief from the Department of Corrections, not from the trial court. See *Cutter v. State*, 275 Ga. App. 888, 890 (2) (622 SE2d 96) (2005).  Dissatisfaction with that relief may be asserted in a mandamus or injunction action against the Commissioner of the Department of Corrections, or in a petition for habeas corpus. See id.; *Maldonado v. State*,  260 Ga. App. 580, 581 (580 SE2d 330) (2003).

Jackson's second motion also cannot give rise to a valid appeal.  A direct appeal may lie from an order denying or dismissing a motion to vacate a void sentence, but only if the defendant raises a colorable claim that the sentence is, in fact, void.  See *Harper v. State*, 286 Ga. 216, 217 n.1 (686 SE2d 786) (2009); *Burg v. State*, 297 Ga. App. 118, 119 (676 SE2d 465) (2009).  A sentence is void only if it imposes punishment that the law does not allow. *Crumbley v. State*, 261 Ga. 610, 611 (1) (409 SE2d 517) (1991). "Motions to vacate a void sentence generally are

---

[1] Jackson also filed an application for discretionary review, which we dismissed.  See Case No. A17D0187 (decided December 13, 2016).

limited to claims that – even assuming the existence and validity of the conviction for which the sentence was imposed – the law does not authorize that sentence, most typically because it exceeds the most severe punishment for which the applicable penal statute provides." *Von Thomas v. State*, 293 Ga. 569, 572 (2) (748 SE2d 446) (2013).

Here, Jackson claimed that he received ineffective assistance of counsel and that the sentencing court improperly considered his prior convictions when imposing his sentence. Neither of these claims are arguments that his sentence exceeds the maximum allowed by law. Accordingly, they are not valid void-sentence claims.

For these reasons, this appeal is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,   09/13/2018*
*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ , *Clerk.*