# Court of Appeals
# of the State of Georgia

ATLANTA,  February 22, 2019

*The Court of Appeals hereby passes the following order:*

**A19A1206.  BRENDAN RYAN GATES v. THE STATE.**

In 2011, Brendan Ryan Gates entered a negotiated plea to aggravated assault and other charges. He was sentenced to a total term of 15 years with the first 4 years in confinement and the balance on probation. The trial court later revoked part of his probated sentence after Gates admitted to committing a new criminal offense. Thereafter, Gates filed a motion to modify the "revocated" sentence. He also filed a motion for reconsideration, seeking credit for time served awaiting resentencing following the revocation of his probation. The trial court denied both motions on June 13, 2018, and Gates filed the instant direct appeal on August 10, 2018. We, however, lack jurisdiction.

First, an application for discretionary appeal is required to appeal orders revoking probation. OCGA § 5-6-35 (a) (5); see *Todd v. State*, 236 Ga. App. 757, 758 (513 SE2d 287) (1999) (holding that where the underlying subject matter is probation revocation, the discretionary appeal procedure applies); accord *White v. State*, 233 Ga. App. 873, 874 (505 SE2d 228) (1998). The underlying subject matter of Gates's

motion to modify the "revocated" sentence was the revocation of his probation.[1] Thus, a discretionary application was required here.

Second, even if Gates had a right of direct appeal, his notice of appeal was not timely filed. Under OCGA § 5-6-38 (a), a notice of appeal must be filed within 30 days after entry of the order to be appealed. The proper and timely filing of a notice of appeal is an absolute requirement to confer jurisdiction on this Court. *Veasley v. State*, 272 Ga. 837, 838 (537 SE2d 42) (2000). Here, Gates filed his notice of appeal 58 days after the trial court entered its order.[2]

For these reasons, we lack jurisdiction over this appeal, which is hereby DISMISSED.



*Court of Appeals of the State of Georgia*

*Clerk's Office, Atlanta,  02/22/2019*

*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

*Witness my signature and the seal of said court hereto affixed the day and year last above written.*



*, Clerk.*

---

[1] To the extent that Gates seeks to challenge the computation of his sentence, including credit for time served, he must seek relief from the Department of Corrections, not from the trial court. See *Cutter v. State*, 275 Ga. App. 888, 890 (2) (622 SE2d 96) (2005). Dissatisfaction with that relief may be asserted in a mandamus or injunction action against the Commissioner of the Department of Corrections, or in a petition for habeas corpus. See id.; *Maldonado v. State*, 260 Ga. App. 580, 581 (580 SE2d 330) (2003).

[2] Although Gates filed a motion for reconsideration, such a motion neither extends the time for filing a challenge to an appealable order nor is appealable in its own right. See *Bell v. Cohran*, 244 Ga. App. 510, 510-511 (536 SE2d 187) (2000); *Savage v. Newsome*, 173 Ga. App. 271, 271 (326 SE2d 5) (1985).