## 35542. BRYANT v. EVANS.

JORDAN, Justice.

In July, 1973, appellant entered a plea of guilty to 3 counts of selling heroin and was sentenced to fifteen years "as to each count." In July, 1975, at a habeas corpus hearing the court found that the words "as to each count" entered on the sentencing form was a clerical error and directed that the sentence be amended to reflect the correct sentence, i.e., five years on each count to be served consecutively.

Appellant sought permission to appeal to this court, contending that amending the original sentence constituted double jeopardy. This court denied the application for appeal in November, 1975. Appellant later brought this mandamus action to require the commissioner of the Department of Corrections to credit his two years of service when the original sentences were concurrent to each of the five year consecutive sentences. The trial court denied the writ of mandamus and this appeal followed.

After a careful consideration of the record we conclude that this was not a resentencing whereby a larger sentence was imposed so as to come within the ambit of North Carolina v. Pearce, 395 U. S. 711 (1969), but that the sentencing court's records were merely corrected to show the true intent of the sentencing court at the time the original sentence was imposed. Such action is clearly authorized. *Hopper v. Williams,* 238 Ga. 612 (234 SE2d 525) (1977); *Johnson v. Gooding,* 242 Ga. 793 (251 SE2d 534) (1979). Under the facts of this case the trial court did not err in denying the mandamus to compel the commissioner to credit time served prior to the time the sentence was amended to each of the consecutive 5 year sentences.

*Judgment affirmed. All the Justices concur.*

SUBMITTED OCTOBER 26, 1979 — DECIDED NOVEMBER 6, 1979.

*James C. Bonner, Jr.,* for appellant.

*Arthur K. Bolton, Attorney General, William B. Hill, Jr., Assistant Attorney General,* for appellee.