## S91A1683. SPANN v. WHITWORTH.
### (413 SE2d 713)

BENHAM, Justice.

While serving an eight-year sentence in the custody of the Georgia Department of Corrections, appellant escaped and was subse-

---

quently arrested in Muscogee County. He was retained there for prosecution on offenses which antedated the offense on which his eight-year sentence was based. Appellant was returned to the Department of Corrections after the Muscogee County charges resulted in a guilty plea and a three-year sentence to be served concurrently with the eight-year term. When the Department of Corrections credited the time appellant spent in Muscogee County jail only to the sentence imposed in Muscogee County, appellant sought to have the Department credit that time to his eight-year term as well. Appellee, Commissioner of the Department of Corrections, refused to recompute appellant's sentence, so appellant sought a writ of mandamus requiring appellee to give him the credit he sought. This appeal is from the denial of the writ of mandamus.

1. The stated rationale of the trial court's decision not to credit appellant's eight-year sentence with the Muscogee County jail time was that appellant should not benefit from his escape. That same rationale is apparent in the opinion issued by the Attorney General on this subject in 1983. In response to questions from appellee's predecessor, the Attorney General opined that a prisoner who escapes remains in escape status until returned to the direct custody of the Department of Corrections (then the Department of Offender Rehabilitation); that such a prisoner is not entitled to credit for any jail time which accrues between capture and return to the custody of the Department, whether that jail time is spent in another state or in a Georgia county jail; that a prisoner who is sent to a county jail from prison for prosecution is entitled to jail time credit against both the old and new sentences (if concurrent), but a prisoner who escapes and is held in a county jail for prosecution is entitled to credit only on the new sentence. Op. Atty. Gen. 83-21. Clearly, the distinction in treatment is based on the fact of escape and is punitive in nature. The problems with that approach are that the law already contains sanctions for escaping from lawful custody (OCGA § 16-10-52) and that this extra-legislative attempt to punish is contrary to the policy underlying the statutory provisions concerning credit for jail time.

The clear policy behind OCGA §§ 17-10-9 through 17-10-12 is that time spent in incarceration under the authority of this state or a political subdivision thereof should count toward the time which a prisoner must serve. If every county of this state were sovereign, the result would be different.[1] However, counties are merely political subdivisions of the state, and a prisoner incarcerated at the command of one of those political subdivisions is still subject to the sovereignty of

---

[1] See *Grimes v. Greer*, 223 Ga. 628 (157 SE2d 260) (1967), with regard to the inapplicability of this policy to sentences imposed by a different sovereign.

this state. It follows, then, that a prisoner who escapes from state incarceration and is then arrested and incarcerated by a political subdivision of the state is still incarcerated under the power of the same sovereign. That being so, there is no valid reason to toll the running of that prisoner's existing sentence until the prisoner is actually in the physical custody of a Department of Corrections facility. The State's argument that a ruling contrary to the trial court's will encourage escape (a slightly different phrasing of the trial court's concern that appellant might benefit from his escape) is not persuasive. As noted above, the legislature has provided a sanction for escape and the sentence imposed for that offense may be set to run consecutively to an existing sentence. OCGA § 17-10-10 (b); *Hambrick v. State*, 256 Ga. 148 (3) (344 SE2d 639) (1986).

2. Removing the fact of escape from consideration of the problem involved in this case does not completely solve the problem. There remains the fact that appellant seeks to have his Muscogee County jail time credited to both sentences. We believe appellee is correct in objecting to such a computation.

The solution lies not in giving double credit for jail time, as appellant seeks, but in applying a sensible interpretation of OCGA § 17-10-11, which provides in pertinent part as follows: "Each person convicted of a crime in this state shall be given full credit for each day spent in confinement awaiting trial. . . ." This provision is consistent with the policy that those who must be confined in jail before and after trial, either because they cannot be released on bail or because they have not yet been delivered to the custody of the Department of Corrections, should have credit against their sentence for that period of confinement. See OCGA §§ 17-10-9; 17-10-12; *Murphey v. Lowry*, 178 Ga. 138 (172 SE 457) (1933). That policy, however, has no application to a defendant who, because of pre-trial bail and post-conviction appeal bond, spends no time in confinement until commencing service of the sentence. That defendant is not entitled to credit for jail time because that defendant has not been deprived of any liberty on account of the prosecution which led to the sentence. The same rationale applies to the defendant who would not have been at liberty before and after the most recent conviction because that defendant was already serving a sentence for another offense: being already confined, that defendant has not been deprived of any liberty on account of the prosecution which led to the most recent sentence. We hold, therefore, that the provisions in OCGA §§ 17-10-9; 17-10-11 for crediting prison sentences with time spent in confinement applies only to persons who would not be confined but for the charges which give rise

to the sentence for which credit is sought.[2]

3. Applying our holdings to the facts of the present case requires that the time between appellant's escape and his apprehension and confinement in Muscogee County not be counted toward the eight-year arson sentence he was serving when he escaped; that appellant be given credit against his eight-year arson sentence for the time spent in jail in Muscogee County; and that appellant receive no credit against the sentence imposed as a result of the prosecution in Muscogee County. The net result, since the second sentence is to be served concurrently with the first, is that appellant's sentence will be extended only by the time between his escape and his apprehension. Had a longer period of confinement been intended, the court in Muscogee County could have specified that the sentence imposed there be made to run consecutively to the first sentence.

In summary, we hold that the jail-time credit provisions of OCGA §§ 17-10-9 through 17-10-12 apply only to time when a defendant who would otherwise be at liberty is confined as a result of the charges leading to the sentence against which the credit is sought, and that a prisoner who escapes and is recaptured is entitled to credit

---

[2] Illustration may serve to make this holding more clear.

i. Defendant, who is at liberty, is arrested, is unable to make bail, and remains confined in the county jail through conviction and sentencing and until transfer to a Department of Corrections facility after affirmance of the conviction on appeal. Pursuant to OCGA § 17-10-11, the pre-trial confinement time would be credited to the sentence; the post-conviction time would be credited pursuant to OCGA § 17-10-9.

ii. Defendant, serving a five-year sentence in a Department of Corrections facility, is sent to County A to be tried for an offense committed in that county. Defendant is confined in the county jail through conviction and sentencing until transfer back to the Department of Corrections after appeal. The conviction in County A results in a three-year sentence to be served consecutively to the five-year sentence. The jail time in County A will be credited to Defendant's five-year sentence because Defendant remained confined under that sentence throughout the proceedings in County A. None of the time will be credited toward the three-year sentence because Defendant never suffered a loss of liberty by being confined awaiting trial in that case. Defendant will thus be required to serve the entire three-year sentence after the five-year sentence has expired.

iii. Defendant, serving a five-year sentence in a Department of Corrections facility, is sent to County A to be tried for an offense committed in that county. Defendant is confined in the county jail through conviction and sentencing until transfer back to the Department of Corrections after appeal. The conviction in County A results in a three-year sentence to be served concurrently with the five-year sentence. The credit will be computed in the same fashion as in example B, supra, but the result will be that Defendant will be released at the end of the five-year sentence because the three-year sentence will have expired.

iv. Defendant, serving a five-year sentence, escapes with four years remaining to serve, but is arrested six months later in the same county and is held in jail pending prosecution for escape. Four months after being arrested, Defendant is convicted of escape and sentenced to serve two years consecutively to the five-year sentence, and is immediately returned to a Department of Corrections facility. The five-year sentence will have been tolled during the six months Defendant was in escape status, but the four months spent in jail before trial will be credited toward the five-year sentence, and no time will be credited toward the two-year sentence.

against an existing sentence for time spent in jail after apprehension and before return to a Department of Corrections facility. Appellant is, therefore, entitled to the writ of mandamus directing appellee to recompute appellant's sentence in accordance with our holdings herein.

*Judgment reversed. Clarke, C. J., Weltner, P. J., Bell, Hunt and Fletcher, JJ., concur.*

DECIDED FEBRUARY 27, 1992.

*James C. Bonner, Jr.,* for appellant.
*Michael J. Bowers, Attorney General, John C. Jones, Senior Assistant Attorney General,* for appellee.