## A00A0943. ALLEN v. THE STATE.
(535 SE2d 347)

JOHNSON, Chief Judge.

Demar Allen was arrested for making harassing telephone calls to his estranged wife. He served 34 days in custody before making a $600 bond and being released from jail. After his release, Allen failed to appear at a scheduled court hearing, so the court issued a bench warrant for his arrest and set a new bond of $1,200.

About three weeks later, Allen was arrested on the warrant. After spending approximately ten days in custody, Allen was arraigned. He pled not guilty, and a trial date was set. Allen was not released from custody after the arraignment, and instead spent another month in custody awaiting trial. From the date of his arrest on the bench warrant until the date of trial, Allen was confined for a total of 41 days.

When the trial date arrived, Allen waived his right to trial and pled guilty to three counts of making harassing telephone calls. Prior to sentencing, Allen requested that he be given credit for the 75 days

that he had spent in jail prior to his guilty pleas — the initial 34 days he had been in custody before he made the $600 bond plus the subsequent 41 days he had served in jail after his arrest on the bench warrant.

The court agreed to give Allen full credit for the initial 34 days he had spent in custody, but refused to give him credit for the 41 days served after the bench warrant arrest. Instead, the court gave Allen credit for only 45 days served and ordered him to serve another 45 days in custody, followed by 33 months on probation.

In his appeal from his sentence, Allen asserts that the court erred in refusing to give him credit for the entire 75 days that he served in custody. We agree and reverse the court's sentence. We remand the case for resentencing with direction that Allen be given full credit for the 75 days that he was incarcerated prior to his convictions.

OCGA § 17-10-11 (a) provides: "Each person convicted of a crime in this state shall be given full credit for each day spent in confinement awaiting trial. . . ." The Supreme Court has stated that this Code provision is consistent with the policy that a person confined in jail before trial because he cannot be released on bail should have credit against his sentence for that period of confinement.[1] The Supreme Court has further held that credit for "time spent in confinement applies only to persons who would not be confined but for the charges which give rise to the sentence for which credit is sought."[2]

In the instant case, Allen was confined because of the criminal charges lodged against him. Although he could have avoided being confined for the additional 41 days if he had appeared for his scheduled court date, the fact remains that he was required to appear for that court date only because he had been charged with making harassing telephone calls. Moreover, Allen was ultimately convicted of and sentenced for those crimes. Thus, but for the harassing telephone call charges which gave rise to the sentence for which credit is sought, Allen would not have been confined. Under OCGA § 17-10-11 (a), Allen is therefore entitled to credit on his sentence for not only the initial 34 days he spent in jail, but also for each of the subsequent 41 days he was confined before his guilty pleas.

The trial court agreed with the state's reasoning that Allen should not get credit under OCGA § 17-10-11 (a) for his 41 days in confinement because that confinement was not due to his pending charges, but was due to the bench warrant issued after he failed to

---

[1] *Spann v. Whitworth*, 262 Ga. 21, 23 (2) (413 SE2d 713) (1992).
[2] Id. at 23-24 (2).

appear for his arraignment. This reasoning is incorrect.

"The primary purpose of the bench warrant is to secure the presence of the defendant in court. Once the defendant appears in court, the bench warrant is no longer necessary, and has no force and effect."[3] So once Allen appeared in court pursuant to the bench warrant, that warrant became unnecessary and had no further force or effect. Allen therefore did not remain in custody for 41 days under the force of the bench warrant, but stayed in custody because he was unable to pay the increased bail amount of $1,200.

Furthermore, holding a person in jail as some sort of punishment for having been arrested under a bench warrant is not a recognized procedure in Georgia. Rather, if the state believed that Allen's failure to appear at the court hearing amounted to the misdemeanor offense of bail jumping, it could have charged him with that offense as provided for under OCGA § 16-10-51 (b). But the state did not charge Allen with such an offense. The state instead has sought to punish Allen for his bench warrant arrest by having him confined in jail for the completely arbitrary period of 41 days. Such a punishment is not lawful.

Because the trial court erred in refusing to give Allen full credit for each of the 75 days that he spent in custody awaiting trial, the court's sentence is vacated. The case is hereby remanded to the trial court for resentencing, and the trial court is hereby directed to give Allen credit on his sentence for the entire 75 days that he spent in custody awaiting trial.

*Judgment of conviction affirmed, sentence vacated and case remanded with direction. Smith, P. J., and Phipps, J., concur.*

DECIDED JUNE 8, 2000.

*Gerard B. Kleinrock*, for appellant.

*Gwendolyn R. Keyes, Solicitor, Ann S. Brumbaugh, Thomas E. Csider, Assistant Solicitors*, for appellee.

---

[3] *State v. Stringer*, 258 Ga. 605 (372 SE2d 426) (1988).