A05A2108. CUTTER v. THE STATE.
(622 SE2d 96)

BLACKBURN, Presiding Judge.

Following a jury trial, Vernell Cutter appeals the sentence portion of his conviction for reckless driving and for committing second degree vehicular homicide, contending that the trial court should have merged the two crimes for sentencing purposes and that the court improperly credited the prison time Cutter had served prior to trial. Discerning no error, we affirm.

Construed in favor of the verdict, the evidence shows that while driving his vehicle at an excessive rate of speed (80 mph in a 55-mph zone), Cutter was erratically weaving in and out of traffic during the early morning rush hour on a Georgia interstate freeway. When he came up behind a slower moving tractor-trailer in the right lane, he cut over to the left lane even though a vehicle was dangerously close in the left lane. Cutter lost control of his car and veered left over the grassy median into oncoming traffic, striking an oncoming vehicle head-on and killing its driver. Cutter told police that another vehicle had struck him from behind, causing him to lose control and cross the median. Witnesses contradicted Cutter's statement.

---

[13] See OCGA § 9-9-13 (b) (5).

Charged with reckless driving, vehicular homicide in the first degree (based on reckless driving), and making a false statement, Cutter was found guilty only on the reckless driving charge and on a lesser-included charge of second degree vehicular homicide based on improper lane change. The court sentenced him to two consecutive sentences of twelve months each, with nine months to serve and fifteen months on probation. The court orally and in its written sentencing order stated that Cutter was to receive credit for the nine months he had served while awaiting trial. Following the denial of his motion for new trial, he appeals the sentencing portion of his conviction.

1. Cutter first contends that the court should have merged his two crimes for sentencing purposes. Citing OCGA § 16-1-6, he argues that the reckless driving offense was for all practical purposes an underlying offense for the vehicular homicide offense and in any case relied on the same facts as the vehicular homicide offense. We review this legal issue de novo. *Wofford v. State.*[1]

Cutter's argument is belied by the record and by the law. First, the underlying offense for the vehicular homicide conviction was not reckless driving (which cannot serve as the underlying offense for second degree vehicular homicide — see *McKinney v. State*[2]), but was improper lane change as expressly found by the jury. Second, there was no factual merger of the crimes under OCGA § 16-1-6. Determining whether there was a factual merger of the crimes requires an examination of the actual evidence introduced at trial to decide whether the reckless driving crime was established by proof of the same or less than all the facts required to establish the elements of second degree vehicular homicide. See *Brewster v. State.*[3] "If the [S]tate uses up all the evidence that the defendant committed one crime in establishing another crime, the former crime is included in the latter as a matter of fact under OCGA § 16-1-6." *Brewster*, supra.

The State does not use up all the evidence in establishing the first crime where the crimes are separate and sequential. *King v. State.*[4] See *Robinson v. State*[5] ("[i]f one crime is complete before the other takes place, the two crimes do not merge") (punctuation omitted). Here, the State proved the reckless driving offense based on Cutter's erratic, high-speed weaving through rush hour traffic (see OCGA § 40-6-390 (a)), which took place *prior* to his decision to change lanes improperly by dangerously cutting around the tractor-trailer in front

[1] *Wofford v. State*, 226 Ga. App. 487, 489 (1) (486 SE2d 697) (1997).
[2] *McKinney v. State*, 204 Ga. App. 323, 324 (1) (419 SE2d 339) (1992).
[3] *Brewster v. State*, 261 Ga. App. 795, 799 (2) (584 SE2d 66) (2003).
[4] *King v. State*, 209 Ga. App. 529, 532 (4) (433 SE2d 722) (1993).
[5] *Robinson v. State*, 271 Ga. App. 768, 769 (1) (610 SE2d 706) (2005).

of a nearby vehicle and losing control, resulting in the vehicular homicide. See OCGA § 40-6-123 (a). Thus, this case is very similar to *Hamby v. State*,[6] where the defendant Hamby claimed the offense of speeding should have merged into the second degree vehicular homicide offense based on failure to exercise due care for pedestrians in the roadway. *Hamby* held: "Since speeding was a separate and distinct offense that had already occurred before the offense of failure to exercise due care for pedestrians in the roadway, this evidence permitted the trial court to sentence Hamby on both the homicide offense based on failure to exercise due care for pedestrians and the speeding offense." *Hamby*, supra. We hold similarly here.

2. Cutter complains that the trial court improperly credited the nine months prison time he had already served by crediting that time only once against the entire twenty-four month sentence so as to result in fifteen months probation remaining on the sentence. Citing no supporting authority, Cutter argues that the court should have credited the nine months against each twelve-month sentence separately, so that only three months probation remained on each sentence (for an aggregate remaining sentence of six months probation).

Without considering the merits of Cutter's argument, we hold that this issue is not properly before us. Although under OCGA § 17-10-11 (a) a convict should be given credit for time spent in confinement awaiting trial, "the amount of credit is to be computed by the convict's pre-sentence custodian, and the duty to award the credit for time served prior to trial is upon the Department of Corrections. OCGA § 17-10-12." (Punctuation omitted.) *Warren v. State*.[7] "The trial court is therefore not involved in this matter." *Diaz v. State*.[8] If aggrieved by the calculations in awarding credit, Cutter "should have sought relief from the Department of Corrections." *Warren*, supra. Dissatisfaction with that relief would not be a part of his direct appeal from his original conviction but would be "in a mandamus or injunction action against the Commissioner of the Department of Corrections." *Maldonado v. State*.[9] See, e.g., *Bryant v. Evans*[10] (appeal from mandamus action against Commissioner of Department of Corrections for allegedly improperly crediting time served).

The only time we consider such arguments in a direct appeal from the original conviction is where the trial court in its written sentencing order gives gratuitous misdirection to the correctional

---

[6] *Hamby v. State*, 256 Ga. App. 886, 888 (3) (570 SE2d 77) (2002).

[7] *Warren v. State*, 246 Ga. App. 894 (543 SE2d 38) (2000).

[8] *Diaz v. State*, 245 Ga. App. 380, 381 (2) (537 SE2d 784) (2000).

[9] *Maldonado v. State*, 260 Ga. App. 580, 581 (580 SE2d 330) (2003).

[10] *Bryant v. Evans*, 244 Ga. 673 (261 SE2d 620) (1979).

custodians. See, e.g., *Sanford v. State*.[11] In such cases, we simply remand the case to the trial court to strike the offending language from the sentencing order. Id. See *Johnson v. State*.[12] Here, however, the trial court in its written sentencing order correctly stated that Cutter was to receive "[c]redit for time served from 8-21-03 through 5-24-04," giving no further direction. As this generic statement was undisputedly correct, we have no reason to direct the trial court to strike any language.

*Judgment affirmed. Miller and Bernes, JJ., concur.*

DECIDED OCTOBER 17, 2005.

*Gregory N. Crawford*, for appellant.
*Spencer Lawton, Jr., District Attorney, Gregory M. McConnell, Assistant District Attorney*, for appellee.

---

[11] *Sanford v. State*, 251 Ga. App. 190, 191 (553 SE2d 854) (2001).
[12] *Johnson v. State*, 248 Ga. App. 454, 456 (3) (546 SE2d 562) (2001).