## A06A1955. SMASHEY v. THE STATE.
(638 SE2d 431)

PHIPPS, Judge.

Michael Smashey appeals from an order denying his motion to clarify his sentence. He claims that the trial court's order is ambiguous and therefore in error. We affirm.

On September 19, 2002, Smashey pled guilty to possession of cocaine and possession of marijuana. He was given first offender treatment and was sentenced to concurrent probationary sentences of five years for cocaine possession and one year for marijuana possession. On March 27, 2003, Smashey was arrested and charged with armed robbery and obstruction of an officer. He remained in custody in the Cobb County jail, and a probation revocation hearing was held on July 8, 2003. At the hearing, the trial court revoked the remainder of Smashey's five-year probated sentence and ordered that he serve that time. Accordingly, on October 10, 2003, Smashey was transferred to the state prison system.

On August 9, 2004, Smashey pled guilty to robbery and obstruction of an officer. He was sentenced to ten years on the robbery conviction, to serve six in confinement and the remainder on probation, and one year on the obstruction conviction, to be served concurrently with the robbery sentence. The sentencing forms reflected that Smashey was to be given credit for time served in accordance with the jailer's affidavit. In June 2005, Smashey filed a motion to clarify the sentence, seeking a more clearly worded order stating that he was entitled to credit for time served since his arrest. The trial court conducted a hearing and denied Smashey's motion, but added a statement to its order that Smashey was to be given "credit for any time served on this case." Smashey claims that this language is ambiguous.

Smashey claims that he is entitled to have credit applied to his robbery sentence for the time he spent in the state prison system from October 10, 2003 until August 9, 2004. He relies on OCGA § 17-10-11 (a), which provides that

[e]ach person convicted of a crime in this state shall be given full credit for each day spent in confinement awaiting trial and for each day spent in confinement, in connection with and resulting from a court order entered in the criminal

proceedings for which sentence was imposed, in any institution or facility for treatment or examination of a physical or mental disability. The credit or credits shall be applied toward the convicted person's sentence and shall also be considered by parole authorities in determining the eligibility of the person for parole.

We hold that the issue Smashey seeks to raise is not properly before us. The amount of credit a convict should be given for time served "is to be computed by the convict's pre-sentence custodian, and the duty to award the credit for time served prior to trial is upon the Department of Corrections. OCGA § 17-10-12."[1] The trial court is not involved in this determination.[2]

If aggrieved by the calculations in awarding credit, [Smashey] should have sought relief from the Department of Corrections. Dissatisfaction with that relief would not be a part of his direct appeal from his original conviction but would be in a mandamus or injunction action against the Commissioner of the Department of Corrections.[3]

We would consider Smashey's claim in a direct appeal from the original conviction if the trial court in its written sentencing order had given gratuitous misdirection to the correctional custodians.[4] Here, the trial court's order stated that Smashey was to be given credit for any time served in this case, which clearly meant the case in which the robbery and obstruction sentences were issued. The language of which Smashey complains did not misdirect his correctional custodians.[5] We therefore have no reason to direct the trial court to strike or to clarify any language.[6]

*Judgment affirmed. Ruffin, C. J., and Smith, P. J., concur.*

DECIDED NOVEMBER 6, 2006.

*Philip A. Holloway, H. Maddox Kilgore*, for appellant.

---

[1] *Cutter v. State*, 275 Ga. App. 888, 890 (2) (622 SE2d 96) (2005) (citation and punctuation omitted).

[2] Id.

[3] Id. (citations and punctuation omitted).

[4] Id. at 890-891.

[5] Cf. *Johnson v. State*, 248 Ga. App. 454, 455-456 (3) (546 SE2d 562) (2001).

[6] See *Cutter*, supra at 891.

*Patrick H. Head, District Attorney, Dana J. Norman, Assistant District Attorney*, for appellee.