## A06A2280. EDWARDS v. THE STATE.
### (641 SE2d 193)

ADAMS, Judge.

Michael Edwards contends the trial court erroneously denied his motion for credit for time served in pretrial confinement. Prior to the incidents that led to the current case, Edwards had pleaded guilty on May 18, 1993 to possession of cocaine with intent to distribute. He appears to have had at least two other convictions as well. But the record does not reveal the terms of his sentences for these prior convictions, although he was apparently on parole for one of them.

With regard to the current charges, the record shows that Edwards's pretrial confinement was comprised of three parts. An arrest warrant was issued for Edwards on March 25, 1998, and he was arrested and confined in Gwinnett County that same day and held until August 7, 1998. At that point, he was sent to the "D.O.C." (Department of Corrections) for "Parole Revocation" where he remained until January 19, 1999. In the meantime, Edwards was indicted on the pending matter on November 5, 1998 on one count of violation of the Georgia Controlled Substances Act for possession of cocaine with intent to distribute. On January 19, 1999, Edwards was returned to Gwinnett County and held on the pending charge until February 10, 1999, when he entered a plea and was sentenced to ten years, four to serve. At that point, Edwards was returned to the Department of Corrections to serve his sentence.

Several years later, Edwards petitioned the trial court for credit for time served. On June 21, 2006, the trial court granted the request but only gave Edwards credit for the last 22 days of his pretrial confinement — from January 19, 1999 through February 10, 1999. Edwards appeals and contends he is entitled to the entire time from his arrest to his conviction. At the time of his appeal, Edwards was no longer incarcerated. But his probation is scheduled to run through 2008 or 2009, depending on the amount of credit that he should get for time served prior to his conviction.

The State counters that the entire earlier portion of Edwards's pretrial confinement was the result of revocation of his parole on an

earlier conviction. But the affidavit of the Gwinnett County Custodian indicates that the only period of time that Edwards was in the custody of the Department of Corrections for a parole revocation was from August 7, 1998 to January 19, 1999. The affidavit indicates that Edwards was confined in Gwinnett County on the present case from March 25, 1998 to August 7, 1998, and again from January 19, 1999 through February 10, 1999. The trial court did not give Edwards credit for the first of those two periods of time.

We need not reach the merits of these arguments because they are not properly before us or the trial court:

> Although under OCGA § 17-10-11 (a) a convict should be given credit for time spent in confinement awaiting trial, the amount of credit is to be computed by the convict's presentence custodian, and the duty to award the credit for time served prior to trial is upon the Department of Corrections. OCGA § 17-10-12. The trial court is therefore not involved in this matter.

(Citations and punctuation omitted.) *Cutter v. State*, 275 Ga. App. 888, 890 (2) (622 SE2d 96) (2005). See also *Smashey v. State*, 282 Ga. App. 293, 294 (638 SE2d 431) (2006). If aggrieved by the calculations in awarding credit, Edwards should have sought relief directly from the Department of Corrections and, if necessary thereafter, by way of a mandamus or injunction action:

> Dissatisfaction with that relief would not be a part of his direct appeal from his original conviction but would be in a mandamus or injunction action against the Commissioner of the Department of Corrections.

(Citations and punctuation omitted.) Id.

In other words, the trial court should not have entered an order regarding how much credit Edwards should get for pretrial time served, and accordingly, we hereby vacate that order. Although the parties do not appear to dispute that Edwards is entitled to at least 22 days credit, we must vacate the entire order so as to avoid any direct implications about the credit to which Edwards may or may not be entitled. See, e.g., *Sanford v. State*, 251 Ga. App. 190, 191 (553 SE2d 854) (2001) (appellate court may correct gratuitous misdirection by the trial court to the correctional custodians). See also *Addo v. State*, 212 Ga. App. 163, 164 (441 SE2d 486) (1994) (physical precedent only) (direction given that judgment be modified to avoid forcing the custodian "to decide between enforcing the statute and

enforcing the judge's order"). Edwards should seek redress with the Department of Corrections as set forth above.

*Judgment vacated. Blackburn, P. J., and Mikell, J., concur.*

DECIDED JANUARY 4, 2007 —
RECONSIDERATION DENIED JANUARY 26, 2007 — ▆▆▆▆

▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆

Michael Edwards, *pro se.*

*Daniel J. Porter, District Attorney, David K. Keeton, Assistant District Attorney*, for appellee.