A09A0344. REESE v. THE STATE.
(674 SE2d 68)

ANDREWS, Presiding Judge.

On appeal from his conviction for driving under the influence (DUI) and other crimes, Jason Reese argues that the evidence was insufficient as to per se DUI and that the trial court erred when it denied his motion for mistrial and when it sentenced him. We affirm his conviction but vacate his sentence and remand for resentencing.

"On appeal from a criminal conviction, we view the evidence in the light most favorable to the verdict, with the defendant no longer enjoying a presumption of innocence." Reese v. State, 270 Ga. App. 522, 523 (607 SE2d 165) (2004). We neither weigh the evidence nor judge the credibility of witnesses, but determine only whether, after viewing the evidence in the light most favorable to the prosecution, a "rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U. S. 307, 319 (III) (B) (99 SC 2781, 61 LE2d 560) (1979).

So viewed, the record shows that in the early evening of May 11, 2006, a woman heard a commotion outside, left her house, and saw Reese's van in a ditch on her property. Reese was kicking the van, cursing it, making rude gestures at it, and trying to push it out of the ditch. Reese then went into a neighbor's house and used the phone. From the time he entered the house until police arrived, the neighbor did not see Reese consume any alcohol. A police officer arrived at around 8:30 p.m. When the officer asked Reese how he was doing, Reese replied, "[D]runk[,] and you[?]" Reese gave the officer his name, used a racial slur to describe the unidentified person he thought had stolen his van, and explained that he had heard tires squealing, looked outside, and saw the van. When the officer pointed out that the windows, ignition and steering column of the van were intact, Reese could not explain how the van had been taken.

During this conversation, the officer noted that Reese's eyes were red, glassy, and bloodshot, that he smelled strongly of alcohol, and that his speech was slurred. The officer then administered a horizontal gaze nystagmus (HGN) test and a walk and turn test. Reese showed six of six signs of impairment in the HGN test and almost fell in the walk-and-turn test. A breath test administered at

9:45 p.m. showed a blood alcohol concentration of 0.245, three times over the legal limit. On his way to jail, Reese told the officer that his neighbor had stolen the van. The officer testified at trial that based on his experience, including hundreds of DUI arrests, Reese could not have been sober three hours before he was arrested.

At defense counsel's request, the lesser included offenses of false report of a crime and false report of a theft were included on the verdict form under the count for making a false statement (Count 1). Reese was found guilty and convicted of that count and both lesser included offenses as well as DUI per se (Count 2), DUI less safe (Count 3), and failure to maintain lane (Count 4). At sentencing, the trial court merged Count 3 into Count 2. Reese's motion for new trial was denied.

1. OCGA § 40-6-391 (a) (5) provides that a person shall not drive while that person's "alcohol concentration is 0.08 grams or more at any time within three hours after . . . driving." Construed in favor of the verdict, the evidence outlined above was sufficient to sustain the verdict as to the DUI charge. The neighbor's testimony that the accident occurred at dusk, the friend's testimony that Reese did not consume any alcohol between the accident and the appearance of police, and the officer's testimony that Reese's blood alcohol level would have decreased from the time of the accident to the time of testing authorized the jury to find that Reese's blood alcohol level was 0.08 or more at the time he drove his van into the ditch. See *Yarbrough v. State*, 241 Ga. App. 777, 782 (4) (527 SE2d 628) (2000) (evidence of the time elapsed between accident and test and that defendant did not consume additional alcohol during the two events was sufficient to sustain a conviction for per se DUI).

2. Although Reese argues that the State impermissibly mentioned subject matter excluded by the trial court in its opening argument, this portion of the opening argument was not transcribed. It follows that no error has been presented to us for review. *Brown v. State*, 288 Ga. App. 671, 673 (1) (c) (655 SE2d 287) (2007).

3. Reese asserts three errors by the trial court in the course of sentencing: (a) refusing to apply the rule of lenity to the false statement conviction; (b) refusing to give him credit for time served; and (c) increasing the sentence after he had begun serving it.

(a) Reese was convicted of making a false statement under OCGA § 16-10-20, which provides that a person who "knowingly and willfully" makes a false statement

in any matter within the jurisdiction of any department or agency of state government or of the government of any county, city, or other political subdivision of this state shall, upon conviction thereof, be punished by a fine of not more

than $1,000.00 or by imprisonment for not less than one nor more than five years, or both.

Neither the false report of a crime statute nor the false report of a theft statute (OCGA §§ 16-10-26 and 40-3-92) contains the false statement statute's element that the falsity concern a matter within the jurisdiction of a governmental entity. For this reason, the rule of lenity cannot apply. See *Selfe v. State*, 290 Ga. App. 857, 862-863 (3) (660 SE2d 727) (2008) (rule of lenity cannot apply to criminal acts containing different elements).

(b), (c) The record shows that on March 3, 2008, the trial court sentenced Reese to six years probation with not less than 240 days and not more than 300 days to serve in a probation detention center. At a second sentencing hearing on March 17, the trial court ordered that Reese spend 90 days in jail, to be suspended upon his transfer to the detention center. Reese began serving his sentence when he met with the probation officer on March 3, "and thus the trial judge did not have authority to *increase* [his] sentence" at a subsequent hearing. (Emphasis in original.) *Fowler v. State*, 188 Ga. App. 873, 875 (7) (374 SE2d 805) (1988). "The court was authorized only to *modify* the sentence by revoking appellant's probation if the court concluded appellant had violated his probation by refusing to abide by the conditions." (Emphasis in original.) Id. We therefore vacate Reese's sentence and remand for resentencing.

Because the issue is likely to recur on remand, we note that "[t]he amount of credit [for time served] is to be computed by the convict's pre-sentence custodian, and the duty to award the credit for time served prior to trial is upon the Department of Corrections." *Edwards v. State*, 283 Ga. App. 305, 306 (641 SE2d 193) (2007). The trial court should not involve itself in the matter on remand. Id. To the extent that Reese is dissatisfied with the result reached, relief can be had only by means of "a mandamus or injunction action against the Commissioner of the Department of Corrections." Id.

*Judgment affirmed, sentence vacated, and case remanded for resentencing with direction. Miller, C. J., and Barnes, J., concur.*

DECIDED FEBRUARY 18, 2009.

*Rachel M. Williams, Anthony S. Carter,* for appellant.
*W. Kendall Wynne, Jr., District Attorney, Eric C. Crawford, Assistant District Attorney,* for appellee.