## A09A1647. WILLIAMS v. THE STATE.
(684 SE2d 432)

MIKELL, Judge.

Jonathan Williams brings this pro se appeal from an order denying his motion to correct an order amending his sentence, contending that the trial court erred when it did not give him credit for time served in pre-trial confinement. We affirm.

On December 8, 2006, an arrest warrant was issued for Williams, alleging that he committed a burglary on November 26, 2006.[1] Williams was arrested shortly thereafter and on December 29, 2006, his parole was revoked. On January 23, 2007, Williams was admitted

---

[1] Although it is not entirely clear from the record, it appears that Williams was on parole

to Coastal State Prison to serve his parole revocation sentence, and remained there until he was transferred to Wilcox State Prison sometime in late 2007. On July 30, 2007, Williams was indicted for the November 26, 2006, burglary, and on April 14, 2008, pled guilty to that charge, and was sentenced to five years to run concurrent with any sentence currently being served, with "credit for time served from [the] date [of the] final disposition of [his] probation [sic] revocation." On October 10, 2008, the trial court issued an amended sentence, adding the date on which Williams began serving his revocation sentence, January 23, 2007, and ordering that Williams be given credit for time served on his sentence from that date.

On October 29, 2008, Williams filed a "Motion to Correct Order of Amended Sentence," alleging that the trial court incorrectly started his "pre-trial jail time" from the date he arrived at Coastal State Prison, when in fact he is entitled to "all pre-trial time starting from [the date] of arrest[, December 6, 2006]." The trial court denied the motion, ruling that it had properly amended Williams's sentence to give him credit for time served from the date of the final disposition of his parole revocation. The trial court explained that Williams was jailed on December 6, 2006, because of his status as a parolee and not for the purpose of pre-trial detention: "[Williams] is . . . not entitled to credit for time served from the date of his arrest, but was given, as a part of his plea bargain, credit for time served from the date of the final disposition of his parole revocation." Williams appeals from this order, claiming that he is entitled to have credit applied to his burglary sentence for the time he spent in the county jail from the date of his arrest, December 6, 2006, until January 23, 2007.

We considered this same argument under similar facts in *Smashey v. State*,[2] where we held that the issue was not properly before us.[3] The credit for time served "is to be computed by the convict's pre-sentence custodian, and the duty to award the credit for time served prior to trial is upon the Department of Corrections. OCGA § 17-10-12. The trial court is not involved in this determination."[4]

> If aggrieved by the calculations in awarding credit, [Williams] should have sought relief from the Department of

---

for a robbery conviction at the time he committed the burglary. He was sentenced for the robbery on September 24, 1998, but the terms of that sentence are not reflected in the record.

[2] 282 Ga. App. 293 (638 SE2d 431) (2006).

[3] Id. at 294. See also *Edwards v. State*, 283 Ga. App. 305, 306 (641 SE2d 193) (2007); *Cutter v. State*, 275 Ga. App. 888, 890-891 (2) (622 SE2d 96) (2005); *Maldonado v. State*, 260 Ga. App. 580 (580 SE2d 330) (2003); *Beasley v. State*, 255 Ga. App. 522 (566 SE2d 333) (2002).

[4] (Punctuation and footnote omitted.) *Smashey*, supra.

Corrections. Dissatisfaction with that relief would not be a part of his direct appeal from his original conviction but would be in a mandamus or injunction action against the Commissioner of the Department of Corrections.[5]

In his brief, Williams acknowledges that the duty to compute jail time is upon the Department of Corrections and not the trial court, but contends, nevertheless, that sometimes the trial court performs this function "as a matter of judicial expediency or as in this case — due to a plea agreement." Williams cites no authority, and we know of none that supports this proposition.

*Judgment affirmed. Johnson, P. J., and Ellington, J., concur.*

DECIDED OCTOBER 6, 2009.

Jonathan Williams, *pro se.*
Samuel H. Altman, *District Attorney*, for appellee.

---

[5] Id., citing *Cutter*, supra at 890 (2).