**SECOND DIVISION**
**ANDREWS, P. J.,**
**MCFADDEN and RAY , JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules/

June 25, 2014

# In the Court of Appeals of Georgia

A14A0673. STILLS v. THE STATE.

MCFADDEN, Judge.

Delletorious Stills appeals his convictions of conspiracy to commit armed robbery, armed robbery, attempted armed robbery, aggravated assault, and possession of a firearm during the commission of a felony. Stills argues that the evidence at trial was insufficient to support the convictions. In particular, he argues that the evidence was insufficient as to the convictions relating to victim Bernardo Franco because the indictment listed that victim's name as Franco Bernardo, but a mere misnomer is not a fatal variance. He argues that his convictions are founded on uncorroborated accomplice testimony, but slight evidence is sufficient to corroborate accomplice testimony, and multiple accomplices can corroborate one another's testimony. Viewed accordingly the evidence was sufficient, and we therefore affirm.

When a defendant challenges the sufficiency of the evidence supporting his criminal conviction, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U. S. 307, 319 (III) (B) (99 SCt 2781, 61 LE2d 560) (1979) (citation omitted; emphasis in original). It is the function of the jury, not the reviewing court, to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from the evidence. Id. "As long as there is some competent evidence, even though contradicted, to support each fact necessary to make out the [s]tate's case, the jury's verdict will be upheld." *Miller v. State*, 273 Ga. 831, 832 (546 SE2d 524) (2001) (citations and punctuation omitted).

Viewed in this light, the evidence shows that a group of men were sitting outside at a party at a mobile home park, when five men approached them from behind a trailer. Two of the perpetrators were armed, and they aimed pistols at the victims, demanded money, and struck three of the victims. One of the victims, Bernardo Franco, gave the perpetrators $207. The five perpetrators were wearing black clothing and the two men with pistols wore black ski masks. The victims were unable to identify the perpetrators.

Three co-defendants who had pled guilty testified that a group of five of them, including Stills, decided to "rob the Mexicans" and then did so. One of the co-defendants testified that Stills wore a black ski mask during the robbery. The police executed a search warrant at Stills's residence and found a black ski mask and a holster for a small caliber weapon. They executed search warrants at two other residences of co-defendants and found another ski mask and a handgun.

1. *Variance between indictment and proof at trial.*

Stills argues that there was no evidence of a conspiracy to commit armed robbery, armed robbery, and aggravated assault on Bernardo Franco because the indictment named "Franco Bernardo" as the victim. The trial court merged the convictions of conspiracy to commit armed robbery of Franco and aggravated assault of Franco into the conviction of armed robbery of Franco. Therefore his challenges to the conspiracy to commit armed robbery of Franco and aggravated assault of Franco are moot. *Powell v. State*, 291 Ga. 743, 749 (3) (733 SE2d 294) (2012).

As for the armed robbery conviction, "a variance between the victim's name as alleged in the indictment and as proven at trial is not fatal if the two names in fact refer to the same individual, such as where a mere misnomer is involved." *Bostic v. State*, 294 Ga. 845, 847 (1) (__ SE2d __) (2014) (citation and punctuation omitted).

3

Testimony proved that the victim was Bernardo Franco, and it is clear that the two names referred to the same individual and that Franco's surname and first name were simply transposed in the indictment. In fact, in the order denying Stills's motion for new trial, the trial court found that "Stills concede[d] that the evidence established that the *person* referred to in the indictment and at trial were the same." (emphasis in original). Stills does not contest this finding on appeal. "The challenge to the sufficiency of the evidence on this basis has no merit." *Bostic*, supra, 294 Ga. at 847 (1).

2. *Sufficiency of the evidence.*

Stills argues that the evidence was insufficient because the only testimony identifying him as a member of the group that robbed the victims was that of his co-defendants, which was not corroborated. "While a defendant may not be convicted on the uncorroborated testimony of one accomplice, only slight evidence is required to corroborate it. Further, if more than one accomplice testifies at trial, the testimony of one accomplice may be corroborated by the testimony of the others." *Thompson v. State*, 320 Ga. App. 150, 152 (1) (739 SE2d 434) (2013).

Here, each co-defendant testified that Stills was involved in the crime. And a ski mask similar to those worn by two perpetrators and a holster for a small caliber

4

weapon such as that used in the crime were found in Stills' residence. "Accordingly, the evidence as outlined above was sufficient for a rational trier of fact to find [Stills] guilty beyond a reasonable doubt of the offenses charged." *Thompson*, 320 Ga. App. at 153 (1).

*Judgment affirmed. Andrews, P. J., and Ray, J., concur.*