**SECOND DIVISION
ANDREWS, P. J.,
MCFADDEN and RAY , JJ.**

**NOTICE: Motions for reconsideration must be
*physically received* in our clerk's office within ten
days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules/**

**February 10, 2015**

# In the Court of Appeals of Georgia

A14A2200. BROOKS v. THE STATE.

MCFADDEN, Judge.

Alvin Lamond Brooks appeals from his convictions for robbery by intimidation and aggravated assault, arguing that the evidence was insufficient to support the convictions and that the trial court erred in failing to merge the convictions for sentencing. The evidence was sufficient, and the convictions did not merge because each offense required proof of a fact the other did not. Accordingly, we affirm.

1. *Sufficiency of the evidence.*

When a defendant challenges the sufficiency of the evidence supporting his criminal convictions, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia,*

443 U. S. 307, 319 (III) (B) (99 SCt 2781, 61 LE2d 560) (1979) (citation omitted; emphasis in original).

So viewed, the evidence showed that on December 29, 2011, Brooks accosted Martin Rueda in an apartment complex. He held a box cutter against Rueda's stomach, cutting him, and demanded to know the whereabouts of another man, whom Brooks apparently believed had been involved in a recent burglary of Brooks's apartment. Rueda was scared. Brooks then reached into Rueda's pocket, took his cell phone, said he would return the phone if Rueda brought the other man to him, and left.

Later that day, as Rueda was walking in the apartment complex, Brooks pulled up next to him in a car and parked, nearly striking Rueda in the process. He got out of the car, approached Rueda, called him a delinquent, and tried to strike him with a belt. Brooks then returned to his car and drove away.

Rueda called 911 and described Brooks and his car to the responding law enforcement officers. Shortly thereafter, the officers saw Brooks returning to the apartment complex in the car and stopped him. They found Rueda's cell phone and a box cutter in the car, and a second box cutter in Brooks's front pocket.

2

This evidence authorized the jury to find Brooks guilty of robbery by intimidation, which a person commits when, "with intent to commit theft, he takes property of another from the person or immediate presence of another . . . [b]y intimidation, by the use of threat or coercion, or by placing such person in fear of immediate serious bodily injury to himself or another." OCGA § 16-8-40 (2) (a). This evidence also authorized the jury to find Brooks guilty of aggravated assault, which a person commits when he assaults another with "any object, device, or instrument which, when used offensively against a person, is likely to or actually does result in serious bodily injury." OCGA § 16-5-21 (b) (2). Although Brooks argues that the evidence was insufficient because he "denied pulling the box cutter on Rueda," the jury was entitled to believe otherwise. "It is the function of the jury, not the reviewing court, to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from the evidence." *Stills v. State*, 327 Ga. App. 767, 768 (761 SE2d 159) (2014) (citation omitted).

2. *Merger.*

Brooks argues that the trial court should have merged his convictions for sentencing. To determine whether convictions merge, we apply the "required evidence" test, under which we "examine whether each offense requires proof of a

3

fact which the other does not." *Long v. State*, 287 Ga. 886, 888 (2) (700 SE2d 399) (2010) (citation and punctuation omitted). Applying this test, the offenses for which Brooks was convicted do not merge for sentencing, because the offense of robbery by intimidation required proof that Brooks took Rueda's cell phone by intimidation, and the offense of aggravated assault required proof that Brooks assaulted Rueda with the box cutter. See generally *Elamin v. State*, 293 Ga. App. 591, 593 (1) (667 SE2d 439) (2008) (finding that convictions for robbery by intimidation and aggravated assault did not merge). We find no merit in Brooks's argument that we should base our merger analysis on the greater offense of armed robbery, for which he was indicted, rather than the lesser offense of robbery by intimidation, for which he was convicted.

*Judgment affirmed. Andrews, P. J., and Ray, J., concur*.