**SECOND DIVISION
ANDREWS, P. J.,
MCFADDEN and RAY, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules/**

**March 6, 2015**

# In the Court of Appeals of Georgia

A14A1944. BROOM v. THE STATE.

MCFADDEN, Judge.

After a jury trial, Randall Jerome Broom was convicted of aggravated assault with a knife (OCGA § 16-5-21) and theft by shoplifting (OCGA § 16-8-14). Broom received a recidivist sentence. On appeal, he challenges the sufficiency of the evidence supporting his aggravated assault conviction, but we find the evidence sufficient. He also argues that his trial counsel was ineffective for failing to inform him of a plea offer, including the offer's expiration date. The evidence, however, supports a finding that trial counsel timely informed Broom of the offer and there is no evidence to show that he would have accepted the offer had he known its expiration date. Accordingly, we affirm.

1. *Sufficiency of the evidence.*

When a defendant challenges the sufficiency of the evidence supporting his criminal conviction, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U. S. 307, 319 (III) (B) (99 SCt 2781, 61 LE2d 560) (1979) (citation omitted; emphasis in original).

So viewed, the evidence showed that on July 26, 2009, Broom entered a store, removed a watch from its packaging, placed it on his wrist, put his hand in his pocket, and left the store without paying for the watch. A store loss prevention officer witnessed Broom take the watch. He and a store manager confronted Broom outside the store and asked Broom to give them the watch and accompany them back inside. As the three walked into the store, Broom suddenly broke away and began to flee. He tripped and fell into a shopping cart, got back up, swung a knife at the loss prevention officer and store manager, threatened to cut them, and then ran. Broom was apprehended outside the store.

At trial, Broom admitted to taking the watch but testified that he had a cell phone rather than a knife in his hand. He argues that because the evidence conflicted about what he was holding it was insufficient to convict him of aggravated assault.

But the loss prevention officer and store manager positively testified that Broom had a knife. "It is the function of the jury, not the reviewing court, to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from the evidence." *Stills v. State*, 327 Ga. App. 767, 768 (761 SE2d 159) (2014) (citation omitted).

2. *Effectiveness of trial counsel.*

Broom argues that his trial counsel was ineffective failing to adequately inform him about a plea offer, including the date the offer expired. To prevail on this claim, Broom must show both deficient performance by trial counsel and actual prejudice. *Francis v. State*, 296 Ga. 190, 197-198 (4) (__ SE2d __) (2014). On appellate review, "[w]e accept the trial court's factual findings and credibility determinations unless clearly erroneous, but we independently apply the legal principles to the facts." Id. at 198 (4) (citation and punctuation omitted).

Conflicting evidence was presented at the hearing on Broom's motion for new trial regarding whether trial counsel informed Broom of a plea offer before the offer expired. Trial counsel testified that he spoke with Broom about the offer at the calendar call, which was the day the offer expired. Trial counsel also testified that he discussed Broom's recidivist status with him. In contrast, Broom testified that he was

3

not present at the calendar call and that trial counsel did not inform him of the offer until the day of trial, after the offer had expired. "In [his] role as factfinder, the trial court was authorized to believe the testimony of trial counsel [that he timely informed Broom of the plea offer] and reject any conflicting testimony from [Broom]." *Butler v. State*, 319 Ga. App. 350, 353 (734 SE2d 567) (2012) (citation omitted).

As Broom points out, trial counsel testified that he does not recall telling Broom the plea offer was about to expire. Assuming without deciding that trial counsel's failure to convey the offer's expiration date was deficient performance, Broom has not shown prejudice. To show prejudice

> [i]n the context of the plea bargain process, the defendant must demonstrate that, but for counsel's deficient performance, there is a reasonable probability that he would have accepted the [s]tate's plea offer. The requisite reasonable probability standard demands a showing that there is some indication that the defendant was amenable to the offer made by the state.

*Johnson v. State*, 289 Ga. 532, 535 (712 SE2d 811) (2011) (citations and punctuation omitted). Broom offered no evidence that, had trial counsel told him the offer's expiration date, there was a reasonable probability he would have accepted the offer. Broom testified only that had he known of the offer *at all* he would have accepted it,

4

testimony that the trial court was authorized to discount in light of the evidence, discussed above, that Broom *had* been informed of the plea offer before it expired and had rejected it.

Accordingly, Broom has not met his burden of showing that he received ineffective assistance of counsel in connection with the plea offer.

*Judgment affirmed. Andrews, P. J., and Ray, J., concur*.