303 Ga. 649
FINAL COPY

S18A0347.  WARBINGTON v. THE STATE.

BOGGS, Justice.

In 2005, a jury found Jordan Lee Warbington guilty of murder, felony murder, and aggravated assault in the bludgeoning death of Kenneth "Tate" Cain in the break room of the Warbington family mortuary. The judgment of conviction was affirmed in Warbington v. State, 281 Ga. 464 (640 SE2d 11) (2007).

Warbington alleges that, after indictment and before his trial and conviction for murder, he was incarcerated in the state prison system for an unrelated offense after his parole was revoked. On August 14, 2017, Warbington filed a pro se "Motion for Jail-Credit Time" in his original criminal proceeding, seeking to have the time served on the unrelated offense after his parole was revoked credited against his subsequently imposed sentence for murder. The motion was denied by the trial court on August 31, 2017, and Warbington appeals to this Court. For the reasons stated below, we dismiss the appeal.

In Wilson v. State, 273 Ga. 97, 97 (538 SE2d 429) (2000), this Court considered a similar appeal. Wilson, a prisoner, filed a motion in the trial court seeking a credit against his sentence for time spent in confinement on an unrelated offense, which the trial court denied. Relying on this Court's subject matter jurisdiction over a sentence in a murder conviction, Ga. Const. Art. VI, Sec. VI, Par. III (8), we ruled on the merits and affirmed, holding that the statutory provisions that allow crediting of sentences apply "'only to persons who would not be confined but for the charges which give rise to the sentence for which credit is sought.' Spann v. Whitworth, 262 Ga. 21, 23-24 (2) (413 SE2d 713) (1992). See also Tucker v. Stynchcombe, 239 Ga. 356 (236 SE2d 623) (1977)." Wilson, supra, 273 Ga. 97. In so doing, we expressly pretermitted and did not decide "whether Wilson's motion was properly filed in the court in which he was convicted." Id.

It was clear before Wilson, however, that a prisoner seeking credit for time served should generally seek relief through a petition for writ of mandamus against the official responsible for calculation of the time. See, e.g., Spann, supra, 262 Ga. at 22; Bryant v. Evans, 244 Ga. 673 (261 SE2d 620) (1979); Tucker, supra, 239 Ga. at 357. While it is true that in those appeals the

2

petitioner's method of seeking relief was not in dispute, the Court of Appeals has noted that, under the relevant statutory provisions of OCGA §§ 17-10-11 and 17-10-12,

> the amount of credit is to be computed by the convict's pre-sentence custodian, and the duty to award the credit for time served prior to trial is upon the Department of Corrections. The trial court is therefore not involved in this matter. If aggrieved by the calculations in awarding credit, [appellant] should have sought relief from the Department of Corrections. Dissatisfaction with that relief would not be a part of his direct appeal from his original conviction but would be in a mandamus or injunction action against the Commissioner of the Department of Corrections.

(Citations, punctuation and footnotes omitted.) Cutter v. State, 275 Ga. App. 888, 890 (2) (622 SE2d 96) (2005). And this holding has been followed many times. See, e.g., Adams v. State, 316 Ga. App. 161, 163-164 (2) (728 SE2d 711) (2012); Williams v. State, 300 Ga. App. 319, 320-321 (684 SE2d 432) (2009).[1]

Moreover, since Wilson, we have made clear that the proper procedure for seeking relief is not a point to be overlooked, even if the claim is clearly meritless. Henderson v. State, 303 Ga. 241 (811 SE2d 388) (2018). In

---

[1] But cf. Lillard v. Head, 267 Ga. 291, 292 (476 SE2d 736) (1996) (reversing dismissal of petition for writ of habeas corpus when prisoner alleged confinement beyond term of lawful sentence); Cutter, supra, 275 Ga. App. at 890-891 (issue considered on direct appeal and sentencing order remanded "where the trial court in its written sentencing order gives gratuitous misdirection to the correctional custodians" (citation omitted); Edwards v. State, 283 Ga. App. 305, 306 (641 SE2d 193) (2007) (same).

3

Henderson, we overruled Coles v. State, 223 Ga. App. 491, 491 (1) (477 SE2d 897) (1996), which had deemed a post-trial motion filed in the petitioner's original murder case as "a civil action in the nature of mandamus," and took subject matter jurisdiction of the appeal under Ga. Const. Art. VI, Sec. VI, Par. III (8). Id. at 244 (1). Having established jurisdiction, we dismissed Henderson's appeal because his motion sought a remedy that the law does not recognize, it should have been dismissed as a nullity, and he therefore had "nothing cognizable to appeal." Id. at 244 (2), citing Harper v. State, 286 Ga. 216, 218 (686 SE2d 786) (2009).

Accordingly, even though Warbington's motion was meritless for the same reason as Wilson's, we will not overlook his failure to raise that claim through a petition for mandamus against the appropriate official in the Department of Corrections, rather than as a motion in his criminal case. While the trial court recognized this issue, noting that "pursuant to OCGA § 17-10-12, the duty to award credit for time served is the duty of the Georgia Department of Corrections," it denied the motion when it should have been dismissed as a nullity. Because the motion was a nullity, it presents nothing to appeal, and Warbington's appeal is therefore dismissed. See Henderson, supra, 303 Ga. at 244 (2).

Appeal dismissed. All the Justices concur.

Decided May 7, 2018.

Murder. Gwinnett Superior Court. Before Judge Schrader.

Jordan L. Warbington, pro se.

Daniel J. Porter, District Attorney, Tracie H. Cason, Lee F. Tittsworth, Assistant District Attorneys; Christopher M. Carr, Attorney General, Patricia B. Attaway Burton, Deputy Attorney General, Paula K. Smith, Senior Assistant Attorney General, for appellee.