# Court of Appeals
# of the State of Georgia

ATLANTA,  July 11, 2024

*The Court of Appeals hereby passes the following order:*

**A24A1611. ALVIN BROOKS v. THE STATE.**

In 2013, Alvin Brooks was convicted of robbery by intimidation and aggravated assault, and he received a partially probated sentence. We affirmed his convictions on appeal. *Brooks v. State*, 330 Ga. App. 661 (768 SE2d 830) (2015). Thereafter, the trial court revoked portions of Brooks's probation several times.  Most recently, in November 2023, the trial court revoked two years of Brooks's probation, with credit for time served since June 2022. In April 2024, Brooks filed a motion to modify his probation sentence "to perfect the record as to the time awarded by [the trial court]," claiming that the Department of Corrections was not giving him proper credit for time served. The trial court denied the motion, and Brooks filed this direct appeal. We lack jurisdiction.

"In determining the proper procedure to follow in pursuing an appeal, the underlying subject matter generally controls over the relief sought." *Self v. Bayneum*, 265 Ga. 14, 14-15 (453 SE2d 27) (1995). Because the underlying subject matter of this appeal is the sentence imposed upon the revocation of Brooks's probation, he was required to file an application for discretionary review in order to appeal.

See OCGA § 5-6-35 (a) (5), (b); *Todd v. State*, 236 Ga. App. 757, 758 (513 SE2d 287) (1999); *White v. State*, 233 Ga. App. 873, 874 (505 SE2d 228) (1998). His failure to do so deprives this Court of jurisdiction over this direct appeal, which is hereby DISMISSED.[1]



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,* __07/11/2024__

*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ , *Clerk.*

---

[1] To the extent that Brooks seeks to challenge the calculation of the end date of his sentence, he must seek relief from the Department of Corrections, not from the trial court. See *Cutter v. State*, 275 Ga. App. 888, 890 (2) (622 SE2d 96) (2005).